OPINION
{¶ 1} This is an appeal from the judgment of the Tiffin Municipal Court which found Appellant, Rose L. Kahler ("Kahler"), in contempt.
 {¶ 2} On June 5, 2002, Kahler, a rental property owner, filed a complaint in the Small Claims Division of the Tiffin Municipal Court against two tenants, Robert and Dodi Capehart. Kahler alleged that the Capeharts owed her $3,000 for unpaid rent, unpaid utilities, damage to the apartment and lawn maintenance. The trial court scheduled a trial for July 3, 2002. Dodi and Robert L. Capehart were served the complaint by certified mail. Per Kahler's request, the trial was moved to July 17, 2002. When the Capeharts failed to appear at the trial, the trial court granted a default judgment to Kahler in the amount of $761.20 plus 10 percent interest.[1] Copies of this judgment were mailed to the Capeharts; however, they were returned marked "No Mail Receptacle."
 {¶ 3} On September 18, 2002, Kahler initiated a garnishment proceeding against Robert Capehart's Credit Union. The trial court ordered the garnishment stating that including interest, the Credit Union should garnish $849.20 from Robert's account. The Credit Union sent the trial court a check for $605.88 from Robert's account and later sent a letter and a check in the amount of $243.32 to the trial court. The letter stated that Robert had asked the Credit Union to send the additional $243.32. On August 10, 2002, Kahler filed a Satisfaction of Judgment with the court releasing the Capeharts from the judgment.
 {¶ 4} On February 12, 2003, the Capeharts filed a motion to vacate the default judgment for excusable neglect claiming that they never received notice of the continued trial date on July 17, 2002. On March 17, 2003, the trial court granted the motion, vacating the judgment and ordering Kahler to return to the Capeharts any money paid by the Capeharts pursuant to the July 17, 2002 judgment. Kahler filed a motion to reconsider the trial court's vacation of the default judgment since Robert had voluntarily paid the judgment. Kahler further requested that if the trial court did not grant her motion for reconsideration that she deposit the money with the court. On June 4, 2003, the trial court held a hearing on the matter wherein Kahler was present and affirmed its decision to vacate the default judgment. The trial court then set the matter for trial on the merits and ordered the funds to be deposited with the court.
 {¶ 5} On June 6, 2003, Kahler filed a Notice of Dismissal, dismissing their action against the Capeharts without prejudice. However, Kahler did not deposit any money with the Court. On June 23, 2003, the Capeharts filed a motion to show cause why Kahler should not be held in contempt and also filed a motion in opposition to Kahler's dismissal.[2] On August 13, 2003, the trial court held a hearing on the order to show cause. At the hearing, Kahler testified that while she was in court when the trial court ordered her to deposit the money with the Court, her attorney did not explain the order to her. Kahler further explained that she thought she was supposed to pay the Capeharts directly. However, when asked why she had not deposited the fund with the Court, Kahler testified "I did not turn over the money because I believe it was rightfully mine. I had received the damages that had occurred when they rented from me." Noting that Kahler had not deposited the money with the court or returned it to the Capeharts, the trial court found Kahler in civil contempt and ordered her to pay a $200 fine unless she paid $849.20 to the court by August 15, 2003.
 {¶ 6} Kahler now appeals asserting four assignments of error:
 First Assignment of Error The trial court erred in granting the defendant's motion tovacate judgment.
 {¶ 7} In this assignment of error, Kahler attempts to appeal the vacation of the default judgment dated March 17, 2003. However, as the vacation of a judgment is a final appealable order, Kahler was required to appeal this judgment within thirty days. See R.C. 2505.02(B)(3); App.R.4(A). As the instant appeal was filed September 16, 2003, more than thirty days after the vacation of the default judgment, we will not address this argument. See, also, Bellamy v. Bellamy (1996),110 Ohio App.3d 576, 580. Therefore, Kahler's first assignment of error is overruled.
 Second Assignment of Error The trial court erred in not permitting the Plaintiff todismiss her complaint by filing a notice of dismissal after thecourt vacated default judgment in favor of the plaintiff.
 {¶ 8} Kahler argues that she should have been able to dismiss the present action while keeping the money recovered by her. Civ.R. 41(A) provides that a plaintiff may voluntarily dismiss all claims asserted by a plaintiff against a defendant any time before the commencement of trial unless a dependent counterclaim has been served. Kahler argues that there has been no trial in the underlying case and therefore she should have been able to dismiss the action at anytime. We disagree. Once default judgment was entered in the underlying case and the order became final, the "trial" for purposes of Civ.R. 41(A) had commenced and the matter had proceeded to verdict and final judgment. See generally, Lovins v. Kroger Co. (2002), 150 Ohio App.3d 656, ¶ 22. However, once Kahler deposits $849.20 with the court as ordered, she is free to dismiss her action against the Capeharts. Based on the foregoing, Kahler's second assignment of error is overruled.
 Third Assignment of Error The trial court erred in finding appellant-plaintiff Kahler incontempt of court.
 {¶ 9} Kahler argues that she was not properly served with the motion for contempt, and, therefore, the trial court was without jurisdiction to find her in contempt.[3] In a contempt case, "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." R.C.2705.03. Due process and the statutory provisions of R.C. 2705.03
require that an individual accused of contempt "be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." Courtney v. Courtney (1984), 16 Ohio App.3d 329,332; see, also, Proctor v. Proctor (Feb. 6, 1990), Allen App. No. 1-88-54. Furthermore, "notice which is reasonably calculated to reach the individual alleged to be in contempt also will withstand objection. Despite the potential for imprisonment there is no requirement that such notice must be personally served upon the individual." McGill v. McGill (1982), 3 Ohio App.3d 455,457.
 {¶ 10} In this case, Kahler's attorney was served with the Motion to Show Cause filed by the Capeharts and filed a response to the motion prior to the contempt hearing. Furthermore, Kahler appeared at the hearing with her attorney and testified on her own behalf. Based on the above, Kahler was sufficiently notified of the contempt charges for purposes of R.C. 2705.03. See, also,Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150, at *3. Consequently, Kahler's third assignment of error is overruled.
 Fourth Assignment of Error The trial court erred in overruling several objections made byplaintiff Kahler concerning attorney-client privilege, spousalprivilege, hearsay and relevance.
 {¶ 11} Kahler argues that the trial court improperly overruled various objections to questions posed to her by the Capehart's attorney at the contempt hearing. However, assuming these inquiries were improper, a review of the record reveals that the testimony complained of had no bearing on the outcome of the contempt hearing and in Kahler's own words was "irrelevant." Consequently, Kahler's fourth assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Cupp, J., concurs.
Bryant, J., dissents.
[1] At the hearing, Kahler advised the court that the damages were $761.20.
[2] Kahler was represented by her son, Attorney, John Kahler, at the contempt hearing.
[3] Kahler also argues that a civil contempt charge will not survive the dismissal of the underlying charge citing State ex.rel. Corn v. Russo, 90 Ohio St.3d 551, 2001-Ohio-15. This argument assumes that Kahler lawfully dismissed the action with her June 6, 2003 filing, which we have determined she did not. However, even if the Civ.R. 41(A) dismissal were deemed valid, we are not persuaded that the trial court did not have inherent authority to address the collateral matter of contempt for failure to obey an order of the court rendered prior to the courts dismissal not withstanding the civil characterization given to the contempt proceeding by the trial court. See for example State Ex. Rel. v. Cuyahoga Cty. Commrs. (1995),100 Ohio App.3d 593, 596 (holding that the trial court's authority to hear a motion for sanctions survives a Civ.R. 41 dismissal); Russo,
supra, at 555 (holding that civil contempt became criminal contempt when the contemptor purposefully conducted its business in such a fashion as to circumvent orders of the court).