COUNTRYWIDE HOME LOANS SERVICING, L.P., APPELLEE, *v.* NICHPOR ET AL.,
APPELLANTS.

[Cite as *Countrywide Home Loans Servicing v. Nichpor,* 136 Ohio St.3d 55,
2013-Ohio-2083.]

*Voluntary dismissals—Foreclosure—After a judgment entry grants a decree of*
*foreclosure and order of sale, the foreclosure action cannot be dismissed*
*pursuant to Civ.R. 41(A)(1)(a), because that rule pertains only to the*
*voluntary dismissal of a pending case.*

(No. 2012-0578—Submitted February 26, 2013—Decided May 28, 2013.)

CERTIFIED by the Court of Appeals for Wood County,

No. WD-11-047, 2012-Ohio-1101.

_____

SYLLABUS OF THE COURT

After a judgment entry grants a decree of foreclosure and order of sale, the
foreclosure action cannot be dismissed pursuant to Civ.R. 41(A)(1)(a),
because that rule pertains only to the voluntary dismissal of a pending
case.

_____

O'NEILL, J.

{¶ 1} In a foreclosure action, the mortgage company filed a notice of
voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), after a default judgment had
been entered in favor of the mortgage company and the property was sold at a
sheriff's sale. The mortgage company then refiled its complaint in foreclosure.
The trial court rejected the borrowers' claim that the action was precluded by res
judicata and again granted an order of foreclosure. The appellate court affirmed,
concluding that a foreclosure action is a two-part process consisting of an order of

foreclosure and an order confirming the sheriff's sale, and that until the order confirming the sheriff's sale is entered, the plaintiff may terminate the case without prejudice by filing a Civ.R. 41(A)(1)(a) notice of voluntary dismissal. For the reasons that follow, we disagree and reverse the decision of the court of appeals. The outcome reached by the Sixth District Court of Appeals is in contravention of Civ.R. 41(A)(1)(a). We hold that a judgment of foreclosure cannot be dissolved by the filing of a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) after a trial court has entered judgment on the underlying note.

**Facts and Procedural History**

{¶ 2} On February 27, 2009, appellee, Countrywide Home Loans Servicing, L.P., filed a complaint in foreclosure in the Wood County Court of Common Pleas against appellants, Michael P. and Joanne M. Nichpor. The trial court granted judgment on the mortgage note in favor of Countrywide on May 18, 2009. That judgment included Civ.R. 54(B) language that "[t]here is no just reason for delay." Subsequently, a writ was issued for an order of sale. The sheriff's sale was conducted on July 1, 2010, and the property was purchased by a third party, Jennifer Reichert. On July 12, appellee filed a notice of voluntary dismissal pursuant to Civ.R. 41(A). On August 3, the trial court declared the matter dismissed because of the voluntary dismissal filed by appellee and declared all pending motions moot.

{¶ 3} Appellee refiled the complaint on July 16, 2010. The trial court granted summary judgment in favor of appellee on August 5, 2011. Appellants filed a timely appeal to the Sixth District Court of Appeals. On March 16, 2012, the appellate court affirmed the trial court's decision. *Countrywide Home Loans Servicing, L.P. v. Nichpor,* 6th Dist. No. WD-11-047, 2012-Ohio-1101. The appellate court then certified that its decision was in direct conflict with a well-reasoned decision by the Second District Court of Appeals, *Coates v. Navarro,* 2d Dist. Nos. 86-CA-11 and 86-CA-18, 1987 WL 8490 (Mar. 27, 1987), on the

following issue: "Whether a foreclosure action, in which judgment of foreclosure has, in fact, been issued, can be dissolved in its entirety prior to confirmation of sale, with the filing of a voluntary dismissal, filed by a party in accordance with Civ.R. 41(A)." 2012-Ohio-1101, at ¶ 15-16. This court accepted the case for review on June 20, 2012, and ordered the parties to brief the certified issue. 132 Ohio St.3d 1421, 2012-Ohio-2729, 969 N.E.2d 269.

**Analysis**

{¶ 4} The starting point in our analysis is Civ.R. 41(A)(1)(a). It provides that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following: filing a notice of dismissal at any time before the commencement of trial * * *."

{¶ 5} The key to our analysis is how to apply this rule when a trial is not held. Default judgment is the functional equivalent of a judgment following a trial. Civ.R. 55(B). A trial is defined as "a judicial examination of the issues, whether of law or of fact, in an action or proceeding." R.C. 2311.01. In order to enter a default judgment, a court must determine that no issues of law or fact exist and that the plaintiff is entitled to judgment. Ohio courts have previously held that an order of default judgment means that a trial has commenced for purposes of Civ.R. 41(A) and the matter has proceeded to verdict and final judgment. *See Kahler v. Capehart,* 3d Dist. No. 13-03-55, 2004-Ohio-2224, ¶ 8. Additionally, in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 149-150, 351 N.E.2d 113 (1976), this court stated, "Regardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judgment. *It is a final determination of the rights of the parties*." (Emphasis added.)

{¶ 6} That this default judgment occurred within a foreclosure proceeding does not make the judgment any less final. All that remained in this case were administrative matters finalizing the result of the sheriff's sale and giving the mortgagors the opportunity to exercise their equitable right of

redemption. These actions can be classified as proceedings to aid in execution of the judgment. In *Triple F Invests. v. Pacific Fin. Serv., Inc.,* 11th Dist. No. 2000-P-0090, 2001 WL 589343, *3 (June 2, 2001), the Eleventh District stated:

> This court has held that a debtor may immediately appeal an order of sale and decree of foreclosure because such are final and appealable orders. *Ohio Dept. of Taxation v. Plickert* (1998), 128 Ohio App.3d 445, 446 [715 N.E.2d 239] (citing *Third Natl. Bank of Circleville v. Speakman* [1985], 18 Ohio St.3d 119 [480 N.E.2d 411]). Once an order of sale and decree of foreclosure is filed, a creditor may file a praecipe for an order directing the sheriff to sell the property. This second phase of the proceedings is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure. *Ohio Dept. of Taxation* at 447. The appraisal of the foreclosed property, the sheriff's sale, and the confirmation of that sale have been described as special proceedings to enforce an order of sale and decree of foreclosure. *Citizens Loan & Savings Co. v. Stone* (1965), 1 Ohio App.2d 551, 552 [206 N.E.2d 17]; *Shumay v. Lake Chateau, Inc.* (Apr. 22, 1981), Medina App. Nos. 1013 and 1034 [1981 WL 3947], unreported, at 6.

{¶ 7} To reach the conclusion that the Sixth District Court of Appeals did and to grant a lender the right to dismiss an action after a trial court has issued what it has indicated was a final judgment would lead to the untenable result that an unhappy lender could simply wait until after the sheriff's sale has occurred, decide that the sale price was too low, and then dismiss the case in order to get a second bite at the apple. This flies in the face of the general policy that judicial

4

sales have a certain degree of finality. *Ohio Sav. Bank v. Ambrose,* 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990).

### Conclusion

**{¶ 8}** Based upon the foregoing analysis, we answer the certified-conflict question in the negative, and we hold that after a judgment entry grants a decree of foreclosure and order of sale, the foreclosure action cannot be dismissed pursuant to Civ.R. 41(A)(1)(a), because that rule pertains only to the voluntary dismissal of a pending case. The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

_____

Manley, Deas & Kochalski, L.L.C., Matthew J. Richardson, Andrew C. Clark, and Benjamin Ogg, for appellee.

Heban, Sommer & Murphree, L.L.C., Kevin A. Heban, Gary O. Sommer, R. Kent Murphree, and John P. Lewandowski, for appellants.

_____