[Cite as *HSBC Bank USA, Natl. Assn. v. Bailey*, 2014-Ohio-246.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE2004-HE3, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2012-T-0086** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| BARBARA BAILEY, et al., | : | |
| Defendants, | : | |
| VICTORIA GUNTHER, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2007 CV 00905.

Judgment: Affirmed.


*Scott A. King,* Thompson Hine, LLP, Austin Landing 1, 10050 Innovation Drive, Suite 400, Dayton, OH 45342 and *Anita L. Maddix*, *Cynthia M. Fischer* and *Elizabeth A. Carullo,* Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45201 (For Plaintiff-Appellee).

*Grace M. Doberdruk* and *Daniel M. Solar*, Doberdruk & Harshman Law Office, 4600 Prospect Avenue, Cleveland, OH 44103 (For Defendant-Appellant, Victoria Gunther).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Victoria Gunther, appeals the judgment of the Trumbull County Court of Common Pleas, denying her 60(B) Motion for Relief from Judgment and Supplemental Motion to Vacate or Alternative Judgment [sic], seeking relief from an Agreed Entry Granting Judgment and Decree in Foreclosure. The issue before this court is whether a party is entitled to relief from a judgment of foreclosure, where the motion for relief was not timely filed and was based on facts known to the party prior to the entry of the judgment of foreclosure. For the following reasons, we affirm the decision of the court below.

{¶2} On April 5, 2007, plaintiff-appellee, HSBC Bank USA, National Association, filed a Complaint in Foreclosure against Barbara Bailey (mortgagor), Victoria Gunther (titleholder of the subject property), the Trumbull County Treasurer, and various John Doe defendants.

{¶3} According to an affidavit submitted by Gunther, Barbara Bailey died on July 20, 2009.

{¶4} On July 28, 2009, an Agreed Entry Granting Judgment and Decree in Foreclosure was issued by the trial court.

{¶5} On November 19, 2009, Gunther filed a Motion to Vacate Foreclosure Sale.

{¶6} On July 27, 2010, the trial court denied Gunther's Motion.

{¶7} On January 20, 2011, Gunther filed a 60(B) Motion for Relief from Judgment.

{¶8} On February 7, 2011, Gunther filed a Supplemental Motion to Vacate or Alternative Judgment.

2

{¶9}  On September 19, 2012, the trial court denied Gunther's Motion for Relief from Judgment.

{¶10} On October 18, 2012, Gunther filed a Notice of Appeal.  On appeal, Gunther raises the following assignment of error:

{¶11} "[1.] The trial court erred by denying appellant's motion to vacate when appellee lacked standing to obtain judgment."

{¶12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶13} Gunther argues that she "has a meritorious defense to foreclosure because Appellee HSBC did not have an interest in the note or her mortgage at the time of filing the complaint and had no legal right to foreclose."  Appellant's brief at 5.

{¶14} Gunther's argument is barred by the doctrine of res judicata.  Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.  "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all

claims which were or might have been litigated in a first lawsuit.'" (Citation omitted.) (Emphasis deleted.) *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). The doctrine of res judicata applies to motions made pursuant to Civil Rule 60(B). *Coulson v. Coulson*, 5 Ohio St.3d 12, 17, 448 N.E.2d 809 (1983).

{¶15} In the present case, HSBC Bank pled in its complaint that it was "the holder and owner of a note," and the "holder of a mortgage." In her Answer, Gunther disputed whether HSBC Bank was "the true and lawful owner/holder of the Promissory Note * * * and Mortgage Deed," raising the claim that it "lack[ed] standing to maintain this action in foreclosure." In response, HSBC Bank submitted evidence that it was assigned the mortgage and promissory note on July 2, 2007, and that the assignment was recorded with the Trumbull County Recorder on July 9, 2007.

{¶16} In the subsequent Agreed Entry Granting Foreclosure, the trial court found that HSBC Bank was the holder of the note secured by the mortgage and ordered Gunther's equity of redemption foreclosed and the subject property sold at sheriff's sale. The July 28, 2009 Agreed Entry constituted a valid, final judgment on the merits of the foreclosure. Gunther did not appeal this Entry. Under the doctrine of res judicata, she is barred from raising the issue of HSBC Bank's standing, as that claim has been raised and settled. A Civil Rule 60(B) motion "may not be used as a substitute for a timely appeal or to accommodate a party by extending the normal period for appeal." *Steadley v. Montanya*, 67 Ohio St.2d 297, 299, 423 N.E.2d 851 (1981); *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Wells Fargo Bank NA v. Arlington*, 5th Dist. Delaware No. 13CAE30016, 2013-

Ohio-4659, ¶ 41 ("Arlington's time to appeal the issue of standing was through direct appeal of the decree in foreclosure").

**{¶17}** We note that the Ohio Supreme Court has certified a conflict on the following question: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?" *Bank of Am., N.A. v. Kuchta*, 135 Ohio St.3d 1430, 2013-Ohio-1857, 986 N.E.2d 1020. Oral argument in *Kuchta* occurred on January 8, 2014.

**{¶18}** Assuming, arguendo, the Ohio Supreme Court were to answer the certified question in the affirmative, the denial of Gunther's Motion for Relief must still be affirmed.

**{¶19}** As noted above, a Civil Rule 60(B) motion must be brought within a reasonable time and/or within one year of the judgment sought to be vacated. In the present case, the issue of HSBC Bank's standing was litigated during the course of the underlying foreclosure, during which the details of the assignment of the note and mortgage to HSBC Bank became known. Gunther's Motion for Relief was filed on January 20, 2011, over a year after the July 28, 2009 Agreed Entry. Accordingly, the Motion was not timely filed.

**{¶20}** Gunther counters that HSBC Bank's lack of standing at the time the Complaint was filed renders the Agreed Entry void ab initio, and, therefore, "this court has inherent authority to vacate the judgment regardless of whether the requirements under Civil Rule 60(B) are satisfied." Appellant's brief at 14. Gunther's argument rests on the supposition that a party's lack of standing is the equivalent of a trial court lacking

5

subject matter jurisdiction.  *See Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

{¶21} Contrary to Gunther's position, a party's lack of standing at the time a complaint is filed does not equate with the trial court's lack of subject matter jurisdiction.

{¶22} The Ohio Supreme Court has recognized "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10.

{¶23} "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.)  *Steel Co. v. Citizens for a Better Environment* (1998)*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus.  The term encompasses jurisdiction over the subject matter and over the person.  *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶22 (Cook, J., dissenting).  Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton* (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002.  * * *

{¶24} The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case.  See *State v.*

6

*Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. "'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *Parker* at ¶22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" *State ex rel. Pizza v. Rayford* (1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499.

*Id.* at ¶ 11-12.

{¶25} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court held that "standing to sue is required to invoke the jurisdiction of the common pleas court," *id.* at ¶ 24, but it did not state that the common pleas court lacked subject-matter jurisdiction where a party lacked standing to sue. The fact that HSBC Bank improperly invoked that jurisdiction by lacking the requisite standing to initiate the foreclosure action, i.e., it was not assigned

7

the note and mortgage prior to the filing of the complaint, merely rendered the lower court's judgment voidable, not void ab initio. *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999) ("[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present[;] [a]ny subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance") (citation omitted).

{¶26} The Tenth District Court of Appeals has explained the distinction by analyzing a party's lack of standing to initiate a lawsuit in the context of a case's justiciability:

> {¶27} [A] court may have jurisdiction over the subject-matter of a case and yet not be empowered to adjudicate it to final judgment for reasons particular to that case, including the lack of standing of the plaintiff. Where an action is brought by a plaintiff who lacks standing, the action is not justiciable because it fails to present a case or controversy between the parties before it. * * * But the court's lack of "jurisdiction," i.e., its ability to properly resolve a particular action due to the lack of a real case or controversy between the parties, does not mean that the court lacked subject-matter jurisdiction over the case.

*Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. Franklin Nos. 13AP-198 and 13AP-373, 2013-Ohio-4884, ¶ 24.

{¶28} On the issue of raising a challenge to a party's standing, the court in *Schwartzwald* stated that "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." (Citation omitted.) *Schwartzwald* at ¶ 22. The key words are "during the pendency of the proceedings." The Supreme Court has emphasized that, after a judgment entry grants a decree of foreclosure and order of sale, the case is no longer pending. *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, syllabus. Once the decree of foreclosure becomes final, all that remains in the case are "administrative matters finalizing the result of the sheriff's sale and giving the mortgagors the opportunity to exercise their equitable right of redemption[,] * * * actions * * * classified as proceedings to aid in execution of the judgment." *Id.* at ¶ 6.

{¶29} Gunther cites to this court's decision in *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, 983 N.E.2d 406, in support of her position. This court, however, subsequently overruled *Rufo* with respect to the jurisdictional issue. *CitiMortgage, Inc. v. Oates*, 11th Dist. Trumbull No. 2013-T-0011, 2013-Ohio-5077, ¶ 19 ("it was incorrect to equate standing with subject matter jurisdiction"). This court now acknowledges that "the sole similarity of standing and subject matter jurisdiction is that the initial challenge to each requirement can be made at any time while the underlying case is pending." *Id.*

{¶30} In the present matter, the underlying case is no longer pending. In order to challenge the final judgment, it was necessary for Gunther to satisfy the timeliness requirements of Civil Rule 60(B).

{¶31} The sole assignment of error is without merit.

9

{¶32} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Gunther's Motion for Relief, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶33} Because I believe the trial court's judgment should be reversed and remanded, I respectfully dissent.

{¶34} In her sole assignment of error, appellant argues that the trial court erred in denying her motion because HSBC lacked standing to obtain judgment.

{¶35} HSBC asserts that the trial court did not err because appellant's supplemental motion is barred by res judicata, was an improper substitute for an appeal, was untimely, and there was no "newly discovered evidence" to support a Civ.R. 60(B)(2) motion. In addition, HSBC submitted two cases as supplemental authority that it relied on during oral arguments, finding that courts had subject matter jurisdiction to hear and decide original matters: *Dwyer v. Thompson Twp. Volunteer Fire Dept.*, 11th Dist. Geauga No. 1397, 1988 Ohio App. LEXIS 3643 (Sept. 9, 1988); and *Mantho v. Bd. of Liquor Control*, 162 Ohio St. 37 (1954).

10

{¶36} This writer notes, however, that neither supplemental case cited by HSBC involved a mortgage foreclosure action, which is the subject of the instant matter. *Dwyer*, a case from 1988, involved a position dismissal regarding a township volunteer fire department and a board of trustees. *Mantho*, a case from 1954, involved the issuance or renewal of liquor permits regarding the Board of Liquor Control.

{¶37} For the reasons that follow, this court should follow the Ohio Supreme Court's decision in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, involving a mortgage foreclosure action, and I agree with appellant that HSBC lacked standing to obtain judgment.

{¶38} I agree with this court's position in *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶15-21, holding:

{¶39} "'Subject matter jurisdiction is a court's power to hear and decide a case on the merits.' *Morrison v. Steiner*, 32 Ohio St.2d 86 * * * (1972), paragraph one of the syllabus. 'Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.' *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11 * * *. When the trial court lacks subject matter jurisdiction, its final judgment is void. *Id*. at ¶12.

{¶40} "In Ohio, courts of common pleas have subject matter jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B).

{¶41} "* * *

{¶42} "In the context of a mortgage foreclosure action, the mortgage holder must establish an interest in the mortgage or promissory note in order to have standing to invoke the jurisdiction of the common pleas court. * * * *Schwartzwald*, [*supra*], ¶28 * * *.

11

{¶43} "Whether standing exists is a matter of law that is reviewed de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶23 * * *.

{¶44} "Standing is similar to the requirement in Civ.R. 17(A) that every action 'shall be prosecuted in the name of the real party in interest.' The real party in interest is one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., '"one who is *directly* benefitted or injured by the outcome of the case."' *Midwest Business Capital v. RFS Pyramid Management, LLC*, 11th Dist. No. 2011-T-0030, 2011-Ohio-6214, ¶19, quoting *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 * * * (1985). * * *

{¶45} "In contrast to standing, which is jurisdictional, Civ.R. 17(A) is considered procedural and is waived if not specifically pled. *Travelers Indemn. Co. v. R.L. Smith Co.*, 11th Dist. No. 2000-L-014, 2001 Ohio App. LEXIS 1750, *8 (Apr. 13, 2001)." (Emphasis sic.) (Parallel citations omitted.)

{¶46} In this case, the issue before us is whether HSBC was required to have standing at the time it filed this action or whether its lack of standing was cured pursuant to Civ.R. 17(A) by the assignment of the note and mortgage after the action was filed but before final judgment was entered.

{¶47} As stated, the Ohio Supreme Court addressed the identical issue before us in *Schwartzwald, supra*. In that case, the Court held that standing is required to present a justiciable controversy and is a jurisdictional requirement. *Id.* at ¶21-22. The Court held that since standing is required to invoke the trial court's jurisdiction, standing is determined *as of the filing of the complaint. Id.* at ¶24. The Court also held that a mortgage holder cannot rely on events occurring *after* the complaint is filed to establish

12

standing. *Id.* at ¶26. Thus, the plaintiff cannot rely on Civ.R. 17(A) to cure its lack of standing by obtaining an interest in the subject of the litigation *after* the action is filed and substituting itself as the real party in interest. *Id.* at ¶36. The Court further held that when the evidence demonstrates the mortgage lender lacked standing when the foreclosure action was filed, the action must be dismissed without prejudice. *Id.* at ¶40. (Emphasis added.)

**{¶48}** Therefore, pursuant to *Schwartzwald,* standing is jurisdictional. As a result, HSBC was required to have an interest in the note or mortgage when it filed this action in order to have standing to invoke the trial court's jurisdiction. Because HSBC failed to establish that it held the note or mortgage before filing the complaint, it did not have standing to bring this foreclosure action. Accordingly, the trial court erred in denying appellant's "Supplemental Motion to Vacate or Alternative Judgment," as a motion to vacate a void judgment need not comply with the requirements of Civ.R. 60(B). *See Falk v. Wachs*, 116 Ohio App.3d 716, 721 (9th Dist.1996). This writer would order the trial court to dismiss the complaint without prejudice.

**{¶49}** For the foregoing reasons, I believe appellant's sole assignment of error is well-taken. Thus, I would reverse the trial court's judgment and remand the matter for further proceedings. I dissent.