[Cite as *Geauga Savs. Bank v. Berg*, 2016-Ohio-2829.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102255**

## GEAUGA SAVINGS BANK

PLAINTIFF-APPELLANT

vs.

## RICHARD L. BERG, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
VACATED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-725484

**BEFORE:**   Blackmon, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**      May 5, 2016

**ATTORNEYS FOR APPELLANT**

Stephen J. Crawford
Crawford Law, L.L.C.
323 West Lakeside Avenue
Suite 340
Cleveland, Ohio 44113

Eric T. Deighton
Carlisle McNellie Rini Kramer & Ulric
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For Richard L. Berg**

Michael Aten
17529 Madison Avenue, Suite 211
Lakewood, Ohio 44107

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Judith Miles
Assistant Prosecuting Attorney
310 W. Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

**For Huntington National Bank**

Robert H. Young
9928 Meldon Drive
Streetsboro, Ohio 44241

PATRICIA ANN BLACKMON, J.:

{¶1} Plaintiff-appellant Geauga Savings Bank ("the Bank") appeals from the trial court's October 29, 2014 journal entry vacating the previous foreclosure decree and dismissing the case against defendants-appellees Richard L. Berg, et al. ("Berg"). The Bank assigns two errors for our review:

I.      The trial court erred as a matter of law in sua sponte vacating the Judgment Entry and Decree of Foreclosure previously entered on June 9, 2011.

II.     The trial court erred as a matter of law in sua sponte dismissing this action.

{¶2} Having reviewed the record and pertinent law, we vacate the trial court's ruling and remand for proceedings to aid in execution of the judgment consistent with this opinion. The apposite facts follow.

{¶3} On April 28, 2010, the Bank filed a foreclosure action against Berg regarding property located at 17702 Berwyn Road in Shaker Heights. On October 12, 2010, the Bank moved for default judgment on the action. After attempts at resolving the matter were unsuccessful, the foreclosure magistrate issued a decision on May 6, 2011, finding that the Bank "is entitled to have the equity of redemption and dower of [Berg] in and to said premises described herein forever foreclosed" and ordering a sheriff's sale. On June 9, 2011, the court adopted the magistrate's decision and granted the Bank's default judgment motion in the amount of $240,481.51, plus interest.

{¶4} A sheriff's sale was scheduled for August 15, 2011. It is unclear from the record what happened next; however, on May 1, 2012, the Bank filed a motion to

reinstate the case to the active docket.   On June 20, 2012, the court granted this motion, noting that "the bankruptcy stay previously entered herein is vacated."

{¶5}   On July 3, 2012, the court docketed the following journal entry:

The journal entry of 06/20/2012 is stricken as entered in error and replaced with the following order: "motion to reinstate the case post-judgment is denied.  (A final decree of foreclosure was entered on 06/09/2011.) This case does not have to be reinstated to the active docket in order for the plaintiff to execute on its judgment and proceed with the sheriff's sale. Plaintiff need only file a notice of relief from bankruptcy stay and proceed with the sheriff's sale."   Moreover, the court disposition code is corrected to reflect the final decree.

{¶6}   From July 10, 2012 through September 18, 2012, there are five journal entries on the docket, all dealing with foreclosure mediation.   The September 18, 2012 journal entry orders the Bank to file a notice of intent to proceed or a dismissal entry by November 1, 2012, and states that failure to do so will result in dismissal.

{¶7}   On October 16, 2012, the Bank filed a motion to dismiss without prejudice pursuant to Civ.R. 41(A)(2) and the court order.   On October 25, 2012, the court granted the Bank's motion.   Over the next two years, various journal entries appeared on the docket concerning a sheriff's sale.   On October 29, 2014, the court issued the following journal entry:

Plaintiff previously dismissed it's [sic] claims.   See docket entry of 10/25/2012.   As there was already a final judgment issued on 06/09/2011, the order is corrected pursuant to Ohio Rule of Civil Procedure 60(A) to indicate: nunc pro tunc. as of 10/25/2012 plaintiff's motion to dismiss case is granted.   The decree of foreclosure and judgment previously entered

herein are vacated and the plaintiff's complaint is dismissed without prejudice at plaintiff's costs.

{¶8} On November 5, 2014, the court issued another journal entry identical to the October 29, 2014 journal entry. On November 12, 2014, the Bank filed a "motion to vacate the court's October 29, 2014 order and permit plaintiff leave to execute upon the court's June 9, 2011 decree of foreclosure and conclude the confirmation of sale" pursuant to Civ.R. 60(A). The court denied this motion.

{¶9} The Bank appeals from the court's October 29, 2014 journal entry vacating the foreclosure and dismissing the Bank's case.

### Law and Analysis

{¶10} In *Countrywide Home Loans Servicing L.P. v. Nichpor*, 6th Dist. Wood No. WD-11-047, 2012-Ohio-1101 (*"Nichpor I"*), the court granted default judgment in favor of the plaintiff and against the defendant in a foreclosure case. *Id.* at ¶ 2. After the sheriff's sale, but before its "confirmation," the plaintiff voluntarily dismissed the case. *Id.* The plaintiff then refiled its complaint and the court subsequently granted the plaintiff's motion for summary judgment. The case was affirmed on appeal. *Id.* However, the Sixth District Court of Appeals certified a conflict to the Ohio Supreme Court, citing the Second District Court of Appeals' decision in *Coates v. Navarro*, 2d Dist. Greene Nos. 86-CA-11, 86-CA-18, 1987 Ohio App. LEXIS 6227 (Mar. 27, 1987).

{¶11} The Ohio Supreme Court reversed the Sixth District and held that "a judgment of foreclosure cannot be dissolved by the filing of a notice of voluntary

dismissal pursuant to Civ.R. 41(A)(1)(a) after a trial court has entered judgment on the underlying note." *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 656, ¶ 1 (*"Nichpor II"*).

{¶12} The court reasoned that a default judgment "within a foreclosure proceeding does not make the judgment any less final." *Id*. at ¶ 6. *See also GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 149-150, 351 N.E.2d 113 (1976) ("[r]egardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judgment. It is a final determination of the rights of the parties").

{¶13} The *Nichpor II* court further concluded that "[a]ll that remained in this case were administrative matters finalizing the result of the sheriff's sale and giving the mortgagors the opportunity to exercise their equitable right of redemption. These actions can be classified as proceedings to aid in execution of the judgment." *Nichpor II* at ¶ 6.

{¶14} In *Nichpor I* and *II*, the case was dismissed pursuant to the plaintiff's notice under Civ.R. 41(A)(1)(a). In the case at hand, the Bank filed a motion to dismiss under Civ.R. 41(A)(2) and pursuant to the court's order. We find this to be a difference without a distinction and hold that *Nichpor II* applies to the instant case.

{¶15} The proper avenue to set aside a Civ.R. 55 default judgment is for a party to file a motion for relief from judgment in accordance with Civ.R. 60(B). *See* Civ.R. 55(B). Although we are mindful that "[t]he primary objective and function of our courts is to adjudicate cases on the merits," courts have no jurisdiction to sua sponte reopen and

modify valid final orders. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983). *See also Kemper Secs. v. Schultz*, 111 Ohio App.3d 621, 625, 676 N.E.2d 1197 (10th Dist. 1996). Other than upon a Civ.R. 60(B) motion filed by a party, a clerical error, or a void order for want of jurisdiction, "a trial court has no authority to vacate a final judgment." *Mayfield Hts. v. N.K.*, 8th Dist. Cuyahoga No. 93166, 2010-Ohio-909, ¶ 30.

**{¶16}** The trial court purported to vacate its previous order granting default judgment by "correcting" it under Civ.R. 60(A) and as a nunc pro tunc entry. "It is axiomatic that a court has the power to correct a clerical error pursuant to Civ.R. 60(A). However, this rule is applied to inadvertent clerical errors only * * * and cannot be used to change something that was deliberately done." *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985). A clerical error is "a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *Id.* at ¶ 2.

**{¶17}** Furthermore, this court has held that a nunc pro tunc "can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. * * * The trial court cannot use a nunc pro tunc as a vehicle for changing its decision." *Alden v. FirstEnergy Corp.*, 8th Dist. Cuyahoga No. 100575, 2014-Ohio-3235, ¶ 10, 12.

**{¶18}** Accordingly, we find that the court's June 9, 2011 journal entry granting the Bank default judgment is a final order disposing the case, and the court acted outside of its authority by sua sponte vacating this order and dismissing the case. The Bank's two assigned errors are sustained. All journal entries subsequent to June 9, 2011, that do not relate to proceedings to aid in execution of the judgment are vacated, including but not limited to the journal entries dated June 20, 2012, July 3, 2012, July 10, 2012, July 12, 2012, August 3, 2012, August 7, 2012, September 18, 2012, October 25, 2012, October 29, 2014, and November 5, 2014.

**{¶19}** Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS
(SEE ATTACHED DISSENTING OPINION)


MARY EILEEN KILBANE, P.J., DISSENTING:

**{¶20}** I respectfully dissent. I would affirm the trial court's judgment vacating the foreclosure decree and judgment and dismissing the Bank's case.

**{¶21}** In the instant case, the trial court granted the Bank's motion for default judgment in the amount of $240,481.51 and ordered a decree of foreclosure on June 9, 2011. The matter was then set for a sheriff's sale on August 15, 2011. The record is unclear as to the proceedings after the sheriff's sale was postponed. It appears the matter was stayed because of Berg's bankruptcy filing. The next entry on the docket is a motion to reinstate the case filed by the Bank on May 5, 2012.

**{¶22}** On July 3, 2012, the trial court denied this motion, stating that the matter "does not have to be reinstated to the active docket in order for the plaintiff to execute on its judgment and proceed with the sheriff's sale. Plaintiff need only file a notice of relief from bankruptcy stay and proceed with the sheriff's sale." The record then reveals that a mediation was requested and a full mediation with the parties was held on September 14, 2012. In a journal entry dated September 18, 2012, the trial court stated:

> [T]he parties have reached a full modification agreement. The Plaintiff must file a notice of intent to proceed or submit a dismissal entry or notice of dismissal on or before 11/01/2012. Any notice should be filed with the court and walked to the foreclosure mediation department. Failure to do so will result in dismissal of the case without prejudice. If a notice of intent to proceed is filed, the notice must provide the reason or circumstances giving rise to the intent to proceed. If the notice of intent to proceed reveals that lender is accepting payments from the property owner or fails to provide the reason or circumstances giving rise to the intent to proceed, the notice of intent to proceed will be stricken and the case dismissed without prejudice. If the notice of intent to proceed reveals that the parties are in negotiations or that the case is otherwise suitable for further mediation, the case will be set for a renewed mediation hearing.

{¶23} The Bank filed a motion to dismiss without prejudice on October 16, 2012. The trial court granted this motion on October 25, 2012.

{¶24} Then, for almost two years, there was no activity on the docket until the Bank filed a praecipe for order for sale on September 11, 2014. Approximately two months later, the trial court vacated the foreclosure decree and dismissed the Bank's complaint, finding that:

> Plaintiff previously dismissed it's claims. See docket entry of 10/25/2012.
> As there was already a final judgment issued on 06/09/2011, the order is corrected pursuant to Ohio Rule of Civil Procedure 60(A) to indicate: nunc pro tunc entry as of 10/25/2012 Plaintiff's motion to dismiss case is granted. The decree of foreclosure and judgment previously entered herein are vacated and the Plaintiff's complaint is dismissed without prejudice at Plaintiff's costs.

{¶25} The Bank argues the trial court erred in sua sponte vacating the June 9, 2011 foreclosure decree order and dismissing its case. The Bank wants the trial court to enforce the previous default judgment amount of $240,481.51. It is important to note however, that once the matter was reinstated on the active docket, the Bank participated in mediation without objection and entered into a loan modification agreement with Berg. Having reached a new agreement, the Bank dismissed the matter without prejudice. From the limited record before us, it appears that the Bank then received payments from Berg for approximately two years when it filed its praecipe for order for sale on

September 11, 2014. These payments would reduce the amount actually owed by Berg. However, the Bank did not attach the loan modification agreement when it filed its praecipe in September 2014, and it is unclear how much Berg owes in light of the payments made from October 2012-September 2014.

{¶26} Based on these circumstances and the limited record before us, I would affirm the trial court's decision, dismiss the Bank's complaint, and vacate the foreclosure decree and judgment.