FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Appellants, Richard L. Berg and Rorie L. Berg (the "Bergs"), appeal from *71 an order confirming a sheriff's sale. They argue that the trial court could not confirm the sale because it could not reconsider its judgment declining to confirm the sale, and because it had previously vacated the judgment of foreclosure before the sale occurred. After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 2} The Bergs obtained a home mortgage loan from appellee, Geauga Savings Bank ("Geauga Bank"), on April 25, 2005, in the amount of $252,000. The Bergs were in default in 2010 when Geauga Bank filed a foreclosure action. After the Bergs failed to file an answer, a default hearing was held where Richard Berg appeared. The default hearing resulted in an order from a magistrate that Geauga Bank would provide the Bergs with documents to fill out and return regarding a possible loan modification or settlement. However, the Bergs did not return these documents to Geauga Bank and did not file an answer. As a result, the magistrate issued a magistrate's decision granting default judgment against them.
{¶ 3} The trial court adopted the magistrate's decision on June 9, 2011, finding that the Bergs failed to answer the complaint. A praecipe for an order of sale was issued, and the sale was advertised and notice was issued to the Bergs. However, the sale did not go forward because the Bergs filed for bankruptcy. After Geauga Bank sought and received a motion to lift the stay from the bankruptcy court, it filed a motion to reinstate the case to the active docket of the trial court.
{¶ 4} The court referred the case for mediation and required the Bergs to again fill out a mediation questionnaire or loss mitigation form. As a result of that mediation process, the parties reached a loan modification agreement according to the court's entry filed September 18, 2012. Geauga Bank then filed a motion to voluntarily dismiss premised on Civ.R. 41(A)(2), which the court granted. When the Bergs again defaulted, Geauga Bank filed a praecipe for order of sale on September 11, 2014.
{¶ 5} The court issued conflicting entries in October 2014. First, the court issued a notice of sale on October 2, 2014, approving the appraisal fees and scheduling a sale for November 3, 2014. Notice of the pending sale was also issued to the Bergs. On October 29, 2014, the court noted that Geauga Bank had previously dismissed its case against the Bergs, and the court attempted to change its previous journal entry dismissing the case nunc pro tunc to indicate that the dismissal was premised on Civ.R. 60(B) rather than Civ.R. 41 and again dismissing the case. The court issued essentially the same order on November 5, 2014. Nevertheless, the sale proceeded on November 3, 2014, with the property selling to Geauga Bank for $120,000. Geauga Bank filed a motion to vacate the court's October 29, 2014 order attempting to change the 2012 dismissal entry nunc pro tunc and again dismissing the action. The court denied that motion and Geauga Bank's motion to confirm the sheriff's sale on November 25, 2014, after a notice of appeal was filed by Geauga Bank.
{¶ 6} This court determined that the trial court could not use a nunc pro tunc entry to modify the previous dismissal because the earlier ruling was premised entirely on Civ.R. 41. Geauga Savs. Bank v. Berg , 8th Dist. Cuyahoga No. 102255, 2016-Ohio-2829, 2016 WL 2586665, ¶ 16-18 (" Berg I "). This court also vacated orders issued by the trial court after the foreclosure decree that purported to disturb that final ruling. Id. at ¶ 18.
{¶ 7} On remand, the trial court entered an order of confirmation of sale on June 6, 2016, confirming the sale that occurred in *72 November 2014. The Bergs then appealed, assigning one error for our review:
I. The trial court erred in entering a decree of confirmation of the sheriff's sale held in the instant matter on November 3, 2014.
II. Law and Analysis
{¶ 8} A foreclosure case consists of two distinct actions. First, there is a proceeding to decide whether to grant an order of foreclosure. The granting of a decree of foreclosure results in a final order and ends that proceeding. This is followed by a separate and distinct enforcement action of the earlier grant of foreclosure where the successful creditor can order the sale of the property. Countrywide Home Loans Servicing v. Nichpor , 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6, citing Triple F Invests. v. Pacific Fin. Servs., Inc. , 11th Dist. Portage No. 2000-P-0090, 2001 WL 589343, 3 (June 1, 2001). The Bergs claim that the trial court could not confirm the 2014 sale because that sale occurred after the court issued an order dismissing the case and vacating the foreclosure order. However, as this court previously recognized, the trial court had no authority to issue such an order purporting to vacate a final order through voluntary dismissal. Berg I at ¶ 18. That order was void because it purported to dismiss a final order pursuant to Civ.R. 41. That rule pertains only to pending cases. Nichpor at ¶ 8. It is inapplicable once the final decree of foreclosure is issued because the action is no longer pending. Id. This court held the trial court was without authority to issue orders that attempted to disturb the finality of the decree of foreclosure without any authority to do so. Berg I at ¶ 18.
{¶ 9} Therefore, the court could properly order the sale, which it did on October 2, 2014. That sale went forward whether by design or accident. The sheriff's sale that resulted was valid, and the court had the ability and authority to enter an order confirming that sale on remand from this court.
{¶ 10} The Bergs also claim that the court could not confirm the sale because it had previously denied Geauga Bank's motion for confirmation of sale. The Bergs mistakenly argue the same principles announced above apply to this decision. An order confirming sale is a final order. Citizens Loan & Savs. Co. v. Stone , 1 Ohio App.2d 551, 552, 206 N.E.2d 17 (12th Dist.1965). However, an order denying a motion for confirmation of sale is not a final order. Until an order confirming sale is entered, there is no resolution to the action. A party may challenge the sale procedures by moving to set aside the sale. Bank One, N.A. v. DWT Realty, Inc. , 7th Dist. Mahoning No. 04 MA 206, 2006-Ohio-7271, 2006 WL 4642668, ¶ 43 ("prior to the order of confirmation, a party may file a motion to set aside the sale. Thus, until the order of confirmation is filed, the sale and the process leading up to the sale are not final and can be changed by the court."). Therefore, the trial court could properly reconsider its decision to deny Geauga Bank's motion for confirmation of sale on motion or sua sponte.
{¶ 11} On appeal, the Bergs do not allege some impropriety with the sale procedure, the appraisal procedure, or other substantive procedural irregularity relating to the order of sale. They have only asserted that the trial court could not confirm the sale based on the argument that the court ineffectively attempted to dismiss the case, and could not reconsider an interlocutory order. The trial court's order attempting to use a nunc pro tunc entry to amend its earlier entry and to dismiss the case was a nullity. Therefore, the sale could have and did occur. The trial court *73 was also free to reconsider its interlocutory order.
{¶ 12} The Bergs claim that these sorts of machinations by lending institutions have been looked at unfavorably by the Ohio Supreme Court. Nichpor , 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565. There, the Ohio Supreme Court established that foreclosure plaintiffs could not dismiss their case pursuant to Civ.R. 41(A)(1)(a) after a final entry of foreclosure was issued. The court found that this rule could not be used to vacate a final order. The court set forth the logic for its holding, stating,
to grant a lender the right to dismiss an action after a trial court has issued what it has indicated was a final judgment would lead to the untenable result that an unhappy lender could simply wait until after the sheriff's sale has occurred, decide that the sale price was too low, and then dismiss the case in order to get a second bite at the apple.
Id. at ¶ 7.
{¶ 13} That logic does not apply here. After foreclosure was granted, but prior to a sale taking place, the parties reached a loan modification agreement. Geauga Bank then sought to dismiss the pending proceedings in light of the settlement. When the Bergs breached the settlement, Geauga Bank attempted to enforce the foreclosure judgment by filing to initiate a sale. Geauga Bank has not attempted to vacate a sale with which it is dissatisfied to achieve a higher auction price. Geauga Bank is attempting to assert its rights under the foreclosure judgment for the first time. Were we to hold otherwise, this court would provide a disincentive to lending institutions to engage in mortgage modifications and settlements. This case has none of the hallmarks of chicanery the Nichpor court was attempting to prohibit. The Bergs' single assignment of error is overruled.
III. Conclusion
{¶ 14} The trial court had jurisdiction and authority to order the sheriff's sale when it did. The entries of dismissal were a nullity. The trial court had jurisdiction to entertain and issue orders in aid of execution of the final judgment of foreclosure, including to order sale and to confirm the sale. Therefore, the sale that resulted was valid. The trial court's order confirming the sale was also valid.
{¶ 15} Judgment affirmed.
MARY J. BOYLE, P.J., and ANITA LASTER MAYS, J., CONCUR