SHUMAY, APPELLEE, V.
LAKE CHATEAU, INC., ET AL., APPELLANTS.

(No. 81-938—Decided April 21, 1982.)

\*

*Mr. Jack Schulman* and *Mr. Eugene Symms,* for appellee.
*Oberholtzer, Filous & Chase Co., L.P.A.,* and *Mr. Dale H. Chase,* for appellants.

KEEFE, J. The issue before us is a circumscribed one. Does confirmation of a judicial sale in a foreclosure proceeding require an actual hearing regardless of whether it is requested by a party? In holding for Shumay, the mortgagee, the Court of Appeals rationalized that the defendants (mortgagors) were entitled to an opportunity to question the sale proceedings at a hearing, but in effect waived a hearing by making no request. The Court of Appeals also placed reliance upon the defendants' counsel's unqualified endorsement of the order of confirmation of sale without seeking a hearing or without objection. We prefer to predicate our affirmance of the Court of Appeals' judgment upon our decision in *Union Bank Co.* v. *Brumbaugh* (1982), 69 Ohio St. 2d 202. *Brumbaugh* decided the issue of whether a mortgagor is entitled to an oral hearing prior to the trial court's confirmation of a foreclosure sale. The syllabus states the rule as follows:

"The Due Process Clause of the Fourteenth Amendment does not require that the mortgagor in a foreclosure proceeding must be afforded a hearing prior to the confirmation of sale where the trial court has complied with all of the statutory requirements contained in R. C. 2329.01 to 2329.61, inclusive. The granting of such a hearing lies within the sound discretion of the trial court."

There is no suggestion in the instant matter that the statutes controlling foreclosure proceedings were not complied with by the trial court. Thus even if appellants had requested an oral hearing, as the mortgagor did in *Brumbaugh,* the trial court possessed authority to deny such if in doing so it exercised a sound discretion. *A fortiori,* if defendants-appellants failed even to request an oral hearing, the common pleas court is not required to order a hearing.

The following from *Brumbaugh,* at pages 208-209, is worth restating:

" * * * To hold that a hearing must be held prior to every confirmation of sale would result in a duplication of state effort where the court, in effect, would also have to appraise the property, a duty specifically delegated by statute to three disinterested freeholders. The statutes concerning foreclosures were specifically designed to avoid this outcome and to assure that a fair appraisal was made."

Moreover, as we stated at page 208, in *Brumbaugh,* " * * * [w]here the trial court abuses its discretion in confirming the sale, a reviewing court will reverse that decision."

Accordingly, the judgment of the Court of Appeals is affirmed as to the issue herein.

*Judgment affirmed.*

W. BROWN, ACTING C. J., SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

KEEFE, J., of the First Appellate District, sitting for CELEBREZZE, C. J.