OPINION
Appellant Don Scott Smith, the high bidder in the sheriff's sale for the foreclosed real estate, has appealed the trial court's decision denying his motion to set aside the sale, filed in accordance with Loc.R. 2.23(V) of the Court of Common Pleas of Montgomery County, General Division. Prior to the auction, conducted on July 14, 2000, the sheriff advised that the purchaser would be allowed thirty days following his successful bid to complete a title search on the property. If the title search revealed that the title was unmarketable, the purchaser could move the court for an order setting aside the sale. This entire procedure is set forth in Loc.R. 2.23.
Pursuant to this rule, Smith had the title examined and discovered the following two objections:
 OBJECTION: The titleholder's immediate predecessor in title and the grantor in the title deed was Teresa A. Krohn aka Teresa A. Conners, Successor Trustee by Trust Agreement dated 2/13/79 and amended in Deed Microfiche 91-343-C06, dated 6/27/79, filed 6/27/91. The Trust was originally created by Evelyn M. Connors [sic] by a Declaration of Trust and Quit-Claim Deed filed in 1979. An Amendment to Declaration of Trust was filed in 1991 but none of the documents in question reflect the powers of either the Trustee or the Successor Trustee. Hence, it is unknown whether Teresa A. Krohn aka Teresa A. Conners had the power to transfer the real estate in Deed Microfiche 95-53-D03 and some Affidavit or other evidence must be recorded to demonstrate her authority.
 OBJECTION: In the Quit-Claim Deed from Evelyn M. Connors recorded at Deed Microfiche 79-184-B03, there is no recitation of marital status for the grantor. Some evidence of the fact that she was unmarried must be recorded or the outstanding right of dower must be accounted for.
On August 2, 2000, after discovering these objections, Smith timely moved the court for an order setting aside the sale and requested return of his deposit held by the sheriff. Soon after, Plaintiff Atlantic Mortgage and Investment Company moved for an order confirming the sale and ordering deed and distribution. Neither party requested an oral hearing, so none was held. Instead, on August 8, the trial court filed a notice to both parties setting a filing deadline of August 21 for supplementary materials to resolve Smith's motion to set aside the sale.
On August 10, eleven days prior to the hearing date for Smith's motion, the court filed an entry confirming the sale without properly addressing the motion to set it aside. Further, there is no evidence in the record that Smith was served with notice of this entry, as required by Civ.R. 58(B). On November 20, 2000, the trial court filed an order denying Smith's motion to set aside the sale, which did not include findings of fact and conclusions of law. Smith has appealed this decision raising the following assignments of error:
I. The lower court erred in overruling Appellant's motion to vacate the mortgage foreclosure sale conducted by the sheriff of Montgomery County, Ohio on the grounds that the title to the subject real estate was unmarketable.
II. The lower court erred in ordering Appellant to remit the balance of the bid price entered by him at the sheriff's sale.
Because the issues we must consider to resolve the present appeal do not precisely fit into the categories of Smith's assignments of error, we have organized our discussion a bit differently.
 I
Before addressing the actual merits of the appeal, we must resolve the procedural issues presented in this case. The problem originated when the trial court ordered a confirmation of sale before properly addressing Smith's motion to set it aside. According to the procedure in Loc.R. 2.23(V), when a motion to set aside the sale is filed, the court must make a finding on the title's marketability before confirming the sale. Here, the trial court confirmed the sale eight days after the motion to set it aside was filed, and three months before the motion was resolved. This was a procedural error by the trial court. Nevertheless, because the sale had been confirmed at the time the court ruled on the motion to set it aside, the court's only option was to deny that motion.
After Smith filed the present appeal, Atlantic Mortgage recognized that the trial court committed a procedural error and requested this court to stay the appeal until the trial court could rule on its Civ.R. 60(B) motion, which incorporated a motion to vacate the confirmation of sale. In its motion requesting a stay, Atlantic Mortgage advised it had offered to cure the defects on the title. On April 24, 2001, we stayed the appeal, requesting the trial court to rule on the motion within thirty days. On May 2, 2001, the trial court overruled Atlantic Mortgage's motion, declaring that vacating the confirmation of sale would be pointless without also vacating the November 20, 2000 order denying Smith's motion to set aside the sale, which is the basis of the appeal. The court declined to sua sponte include a request to vacate that order when considering Atlantic Mortgage's motion.
As stated previously, the trial court's denial of Smith's motion to set aside the sale was the only proper outcome since the sale had already been confirmed. We now must address the propriety of the confirmation of sale. When the trial court confirmed the sale, Smith was not sent a Civ.R. 58(B) notice of the final order. As a result, pursuant to App.R. 4(A), his time for appeal has not started running yet. Although Smith has not specifically appealed the confirmation of sale, he still could amend his notice of appeal to include that order. In the interest of judicial economy, we will simply incorporate it as part of this appeal regarding the sale.
 II
Within his assignments of error, Smith specifically contests several stages of the proceeding below. First, he claims the trial court should have afforded him an oral hearing on his motion to set aside the sale. When discussing the procedure to confirm a sheriff's sale, Loc.R. 2.23(V) provides, "If the Court, upon hearing thereof, finds said title to be unmarketable, the Court shall refuse to confirm said sale." (Emphasis added.) Smith interprets this statement to require the court to hold an oral hearing. We disagree.
This language is analogous to the language found in Civ.R. 56, pertaining to the summary judgment process. Civ.R. 56 similarly uses the word "hearing" when referencing the court's consideration of a summary judgment motion, but oral hearings are rarely conducted for such motions. See, Slack v. Burton (June 9, 2000), Miami App. No. 99 CA 42, unreported, at pp. 2-3 (finding oral hearings are not required to be held for summary judgment motions even when requested by the parties). This use of the word "hearing" is often employed to refer to a filing deadline or a non-oral hearing. In the present case, Smith did not request an oral hearing at any point in the proceedings. Instead, the trial court filed a notice that the issue would be submitted for "hearing" on a date certain, and the parties were to file any supporting memoranda by that date.
Moreover, we recognize that a court is not required to sua sponte hold a hearing prior to confirming a sheriff's sale. Shumay v. Lake Chateau, Inc. (1982), 70 Ohio St.2d 20, syllabus. Because one was not requested or required, we do not find error in the trial court's failure to conduct an oral hearing.
 III
Next, Smith argues that because he complied strictly with Loc.R. 2.23, which resulted in finding objections to the title, the court should have sustained his motion to set aside the sheriff's sale. The decision whether to confirm or set aside a sheriff's sale is left to the sound discretion of the trial court. Ohio Sav. Bank v. Ambrose (1990),56 Ohio St.3d 53, 55. The court's decision will not be disturbed absent an abuse of that discretion.
Pursuant to Loc.R. 2.23, Smith moved the court for an order to set aside his purchase of the real estate after discovering objections during the title search. However, the rule provides that the court shall refuse to confirm the sale only if it finds the defects in the title render it unmarketable. In this regard, "[a] title need not be free of any possible defect in order to be marketable, but must be in a condition as would satisfy a buyer of ordinary prudence." G/GM Real Estate Corp. v. Susse Chalet Motor Lodge of Ohio, Inc. (1991), 61 Ohio St.3d 375, 379. The title conveyance to Smith would be the second conveyance since these objections developed. This indicates that a "buyer of ordinary prudence," the current titleholder, has already purchased the real estate while the title contained these objections. In addition, the title has been insured by the current mortgage holder.
In his brief, Smith relies on applicable title standards published by the Ohio State Bar Association in his argument that the objections render the title unmarketable. Both sections 3.6 and 3.18 of the standards cited by Smith to support his contentions only indicate that the objections found are potential defects on the title; they do not suggest that their existence affects the title's marketability. Furthermore, these standards are merely guidelines, not binding law.
In the absence of findings of fact and conclusions of law by the trial court, we can only infer that by confirming the sale, the court concluded the objections did not render the title unmarketable. We agree that the objections, as they exist, do not affect the marketability of the title. As noted in the objections, each one could be cured by recording affidavits from the predecessors to the current titleholder to (1) establish the power of conveyance, and (2) confirm no dower interest exists. Neither objection appears to be a major defect in the title. Nevertheless, the defects could, at some point, potentially affect the title's marketability.
The court had the power, pursuant to Loc.R. 2.23, to "fix a reasonable time, not to exceed ninety (90) days, within which such defects may be corrected." Although neither party requested this, the objections to the title present an ideal opportunity for the court to utilize this provision. The court should have used its discretion and allowed ninety days for the defects to be corrected.
Smith raises a final argument challenging that a finding of contempt is improper in a case requiring specific performance. Because the trial court never ruled on the motion for contempt, we decline to address this argument.
Based on the foregoing, we reverse the trial court's decision confirming the sale, and remand to the trial court to allow Atlantic Mortgage ninety days to correct the defects in the title. Once the defects have been corrected, the court may confirm the sale.
 __________ BROGAN, J.
FAIN, J., and YOUNG, J., concur.