OPINION
Appellant Conseco Finance Servicing Corporation, f.k.a. Greentree Financial Servicing ("Conseco") appeals the decision of the Ashland County Court of Common Pleas that denied its request to vacate confirmation and set aside a sheriff's sale. The following facts give rise to this appeal.
On October 17, 2000, Conseco filed its complaint for foreclosure with reformation against James A. Taylor, Jane Doe, Tammy J. Taylor, National City Mortgage Company, Beneficial of Ohio, Inc. and the Treasurer of Ashland County. The land sought to be foreclosed was located at 291 Lee Avenue, Ashland, Ohio. On November 15, 2000, National City Mortgage Company filed its answer asserting that it was the owner and holder of an original note and mortgage on the property in the amount of $32,000. National City Mortgage Company also indicated there was an outstanding balance of $30,466.19 as of October 1, 2000 and that the debt constituted the first mortgage on the property.
Defendants James A. Taylor, Jane Doe, Tammy J. Taylor and Beneficial of Ohio, Inc. failed to file an answer. On January 24, 2001, Conseco filed a motion for default judgment, which the trial court granted on January 31, 2001. In its judgment entry, the trial court determined the Treasurer of Ashland County held a first lien on the property in the amount to be determined at sale, National City Mortgage Company held a first mortgage lien on the property in the amount of $30,466.19 plus interest from October 1, 2000 and Conseco held a third lien in the amount of $8,230.78 plus interest from December 15, 1999. The trial court ordered that the property be foreclosed upon and sold at a sheriff's sale.
Prior to the ordered sale, a land appraisement, duly signed under oath by three disinterested freeholders, was filed with the trial court. The appraisement valued the land at $23,500. Proof of publication service, which included the appraisal value, was filed with the trial court on May 11, 2001. The sheriff conducted the foreclosure sale on June 4, 2001. Appellee Perry Tanner purchased the property for $33,500.
On June 25, 2001, Conseco filed a motion to set aside the sale. The trial court issued a scheduling order, with regard to the motion, which indicated that the motion would be decided by non-oral hearing. On August 7, 2001, the trial court filed a judgment entry overruling Conseco's motion to set aside the sheriff's sale. On October 15, 2001, the trial court filed a judgment entry confirming the sale and ordering distribution.
Conseco timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN NOT SETTING AN ORAL HEARING ON THE MOTION TO SET ASIDE THE SHERIFF'S SALE.
 II. THE COURT ERRED IN NOT VACATING CONFIRMATION AND SETTING ASIDE THE SHERIFF'S SALE.
 I
In its First Assignment of Error, Conseco maintains the trial court erred when it failed to conduct an oral hearing on its motion to set aside the sheriff's sale. We disagree.
The trial court, on July 16, 2001, filed a scheduling order and specifically indicated that Conseco's motion would be decided at a non-oral hearing. The record indicates Conseco never requested an oral hearing on its motion to set aside the sheriff's sale, even though it had notice that the trial court did not intend to conduct an oral hearing on its motion. The Ohio Supreme Court addressed this issue in the case ofShumay v. Lake Chateau, Inc. (1982), 70 Ohio St.2d 20, syllabus, wherein the Court held: "[a] Court of Common Pleas is not required sua sponte to hold an oral hearing prior to the court's confirmation of a foreclosure sale * * *."
Because Conseco did not request an oral hearing and the trial court was not required to conduct such a hearing, the trial court did not err when it decided Conseco's motion to set aside sheriff' sale following a non-oral hearing. This conclusion is also in accord with a recent decision issued by the Second District Court of Appeals in AtlanticMtge. and Invest. Corp. v. Douglas (June 29, 2001), Montgomery App. No. 18634, unreported, at 3.
Conseco's First Assignment of Error is overruled.
 II
Conseco contends, in its Second Assignment of Error, that the trial court should have set aside the sheriff's sale because there was a substantial discrepancy in the appraisals. We disagree.
The land appraisement signed by three disinterested freeholders valued the land at $23,500. Conseco obtained an appraisment establishing a fair market value of $65,000. The successful bidder, at the sheriff's sale, purchased the property for $33,500. Conseco argues that because of the substantial difference of appraised values, the sheriff's sale should have been set aside. In support of its argument, Conseco cites the following two cases: Akron Natl. Bank and Trust Co. v. Freed Co. (Aug. 20, 1980), Medina App. No. 957, unreported and Cardinal Fed. Sav. andLoan v. Michaels Bldg. Co. (Aug. 17, 1988), Summit App. Nos. 13518, 13584, unreported. We have reviewed these cases and find they do not address the issue raised by Conseco in this assignment of error.
However, both cases are instructive in that they indicate an appraisement will be set aside only where there is clear and convincing evidence that it is in error. Natl. Bank and Trust Co. at 5; CardinalFed. Sav. and Loan at 2. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of certainty required in establishing proof beyond a reasonable doubt in criminal cases. Cincinnati Bar Assn.v. Massengale (1991), 58 Ohio St.3d 121, 122. The decision as to whether the appraisement should be set aside because it is in error is within the discretion of the trial court. Ohio Sav. Bank v. Ambrose (1990),56 Ohio St.3d 53, 55. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In Glendale Fed. Bank v. Brown (Jan. 21, 1994), Montgomery App. No. 13976, unreported, at 3, the Second District Court of Appeals explained when a trial court may refuse to confirm a judicial sale. The court stated:
 A trial court may refuse to confirm a judicial sale if it was not conducted in conformity with R.C. 2329.01
to 2329.61. R.C. 2329.31. However, a court may also refuse to confirm a sale, despite the apparently mandatory language of R.C. 2329.31, if, although the sale was conducted according to law, confirmation would result in `hardship and sacrifice,' Michigan Mortgage Corp. v. Oakley (1980), 68 Ohio App.2d 83, 84; or if the appraisal is far below the true value, Reed v. Radigan
(1884), 42 Ohio St. 292.
Based upon our review of the record, although a discrepancy exists between the appraisement submitted by the three disinterested freeholders and the appraisment submitted by Conseco in support of its motion to set aside sheriff's sale, we conclude the trial court did not abuse its discretion when it denied Conseco's motion. The appraisment submitted by Conseco is not accompanied by an affidavit or authenticated in any other way. Whereas, the appraisement submitted by the three disinterested freeholders was properly filed pursuant to the statutory requirements.
Further, the record indicates proof of publication service, which included the appraisal value, was filed with the trial court on May 11, 2001. The sheriff did not conduct the foreclosure sale until June 4, 2001. The time period between notification of the appraisal value and the sale of the property provided Conseco ample time to object to the appraisal value, prior to the sheriff's sale, if it chose to do so.
Thus, we conclude there is not clear and convincing evidence the appraisement was in error and the trial court did not abuse its discretion when it denied Conseco's motion to set aside sheriff's sale.
Conseco's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and HOFFMAN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs to Appellant Conseco.