[Cite as *JPMorgan Chase Bank, Natl. Assn. v. Rhodes*, 2014-Ohio-2706.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2013-L-117** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| JAMES L. RHODES, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11 CF 002471.

Judgment: Affirmed.

*Kathleen A. Nitschke*, Giffen & Kaminski, L.L.C., 1300 East Ninth Street, Suite 1600, Cleveland, OH 44114 (For Plaintiff-Appellee).

*James L. Rhodes* and *Jacqui Rhodes*, pro se, 790 Meadowlark Road, Painesville, OH 44077 (Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Pro se appellants, James L. Rhodes and Jacqui Rhodes, appeal the October 21, 2013 judgment of the Lake County Court of Common Pleas denying appellants' Civ.R. 60(B) motion to vacate the trial court's judgment entry granting the motion for summary judgment filed by appellee, JPMorgan Chase Bank, National

Association, successor by merger to Chase Home Finance, LLC. For the following reasons, the judgment of the trial court is affirmed.

{¶2} On September 6, 2007, appellants executed a promissory note in the amount of $65,700 in connection with a loan for that amount. The note identified the lender as Amerisave Mortgage Corporation ("Amerisave"). On the same date, appellants executed a mortgage in favor of Amerisave on real property located at 4822 Willowbrook Drive in Mentor, Ohio.

{¶3} Thereafter, on January 26, 2010, Amerisave assigned the mortgage to Chase Home Finance, LLC. The assignment was recorded with the Lake County Recorder on January 29, 2010. Chase Home Finance, LLC then merged into JP Morgan Chase Bank, National Association (appellee herein).

{¶4} On September 16, 2011, appellee refiled a complaint for foreclosure in the Lake County Court of Common Pleas. Appellee alleged that it was the holder of the promissory note and the mortgage; that the note and mortgage were in default for lack of payment; and that appellee had declared the debt due. Attached to the complaint were copies of the note and the mortgage as well as a copy of the assignment of mortgage. At the time appellee initiated foreclosure proceedings, appellants' property was also subject to several liens.

{¶5} On September 21, 2012, appellee filed a motion for summary judgment, which the trial court granted on October 12, 2012. The judgment stated it was a final, appealable order and that "[t]here is no just reason for delay." Appellants did not appeal the granting of summary judgment in favor of appellee.

2

**{¶6}** On October 23, 2012, appellee filed a praecipe to cause the clerk of courts to issue an order of sale. On the same day, the clerk of courts ordered the sale of the property located at 4822 Willowbrook Drive in Mentor, Ohio. The sale was never assigned a sale date by the sheriff, and on March 4, 2013, appellee filed a motion to withdraw the sale. The trial court granted appellee's motion the following day.

**{¶7}** On July 25, 2013, more than nine months after summary judgment was granted in favor of appellee, appellants filed a pro se motion to dismiss foreclosure. The motion alleged that appellee's complaint failed to state a claim on which relief can be granted. Appellants argued that appellee did not produce "evidence that it is the original owner or assignee of the original note and mortgage." The motion also challenged appellee's standing to bring the foreclosure case, alleging that "[p]laintiff fails to establish in any of its pleadings that it owned or held the mortgage or the note at the commencement of this action."

**{¶8}** The trial court construed appellants' motion to dismiss as a motion for relief from judgment, pursuant to Civ.R. 60(B). The trial court denied appellants' motion on September 3, 2013, finding that appellants had "failed to demonstrate that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." The trial court's judgment contained final, appealable order language. Appellants did not appeal the denial of their first Civ.R. 60(B) motion.

**{¶9}** Appellants subsequently filed several additional motions with the trial court, which included:

> 1. Defendant James L. Rhodes' ('Defendant') Motion to Request Trial by Jury, filed on September 4, 2013;

2. Defendant's Motion to Request Court Hearing and Request for Production of Documents, filed on September 4, 2013;

3. Defendant's Counterclaim, filed on September 6, 2013;

* * *

5. Defendant's Motion to Strike Plaintiff's Motion to Strike, filed on October 4, 2013;

6. Defendant's Motion to Compel, filed on October 11, 2013; and

7. Defendant's Motion to Vacate Judgment pursuant to Civ.R. 60(B)(5), filed on October 17, 2013.

{¶10} Appellants' second Civ.R. 60(B) motion argued that the summary judgment granted on October 12, 2012, should be vacated because appellants "would have to pay the same claim twice." The motion goes on to challenge appellee's right to enforce the note and mortgage, arguing that the owner of the note was "Fannie Mae," not appellee.

{¶11} In an October 21, 2013 judgment ruling on appellants' many motions, the trial court found:

Defendant's Motion to Request Trial by Jury, his Motion to Request Court Hearing and Request for Production of Documents, and his Motion to Compel not well taken, as judgment in this matter was rendered on October 12, 2012. With regard to Defendant's Counterclaim, the Court finds that it should be dismissed, as judgment was previously rendered in this matter. The Court further finds both Plaintiff's and Defendant's Motions to Strike moot.

With regard to Defendant's Motion to Vacate Judgment pursuant to Civ.R. 60(B)(5), the Court finds said Motion not well taken, as Defendant's previous Motion for Relief from Judgment was denied by this Court on September 3, 2013.

{¶12} On November 20, 2013, appellants filed their notice of appeal with this court. Appellee filed a motion to dismiss the appeal as untimely, arguing that appellants

4

were seeking review of the October 12, 2012 grant of summary judgment in favor of appellee. In a February 11, 2014 judgment entry denying appellee's motion to dismiss, this court found that "appellants' notice is timely as to the October 21, 2013 entry." Therefore, this appeal is limited to the denial of appellants' second Civ.R. 60(B) motion.

{¶13} Appellants set forth two assignments of error for our review:

[1.] The trial court committed prejudicial error in granting Plaintiff JPMorgan Chase National Association motion for summary judgment based on the fact Defendants James L and Jacqui L Rhodes were not in default of mortgage and JPMorgan Chase fabricated default by not accepting on time payments of certified funds.

[2.] The trial court committed prejudicial error in granting plaintiff appellees' Motion for Summary Judgment based on the facts of the mortgage and note filed by Plaintiff JPMorgan Chase. The Defendants – appellants', James L. and L. Jacqui Rhodes state the fact that Amerisave did not have ownership of the Rhodes' mortgage or note to convey to JPMorgan Chase National Association or Chase Home Finance. The Assignment of Mortgage filed by Plaintiff JPMorgan Chase National Association appellee is VOID.

{¶14} At the outset, we note that under App.R. 4(A), our jurisdiction to entertain an appeal is limited to those judgments timely appealed. As appellants did not file a notice of appeal from the trial court's granting of appellee's motion of summary judgment, appellants are not permitted to raise errors related to that issue. As we stated in our February 11, 2014 judgment entry, appellants' appeal is only timely as to the October 21, 2013 judgment entry which, in part, denied appellants' Civ.R. 60(B) motion. As such, this court will interpret appellants' two assignments of error as challenging the trial court's judgment denying appellants' second Civ.R. 60(B) motion. Because both assignments of error deal with the same issue, they will be addressed together.

5

**{¶15}** Civ.R. 60(B) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶16}** Thus, Civ.R. 60(B) provides parties with an equitable remedy requiring a court to revisit a final judgment and possibly grant relief from that judgment when in the interest of justice. *In re Edgell*, 11th Dist. Lake No. 2009-L-065, 2010-Ohio-6435, ¶53. Civ.R. 60(B) is a curative rule that is designed to be liberally construed with the focus of reaching a just result. *Hiener v. Moretti*, 11th Dist. Ashtabula No. 2009-A-0001, 2009-Ohio-5060, ¶18. "Moreover, Civ.R. 60(B) has been viewed as a mechanism to create a balance between the need for finality and the need for 'fair and equitable decisions based upon full and accurate information.'" *Id.*, quoting *In re Whitman*, 81 Ohio St.3d 239, 242 (1998).

**{¶17}** The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *In re Whitman*, *supra*, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). Accordingly, we review the decision of the trial court for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶18}** It is well settled that Civ.R. 60(B) cannot be used as a substitute for direct appeal. *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128 (1986),

6

paragraph two of the syllabus. This court has stated that "[an appellant] cannot, however, after the opportunity for direct appellate review has passed, use Civ.R. 60(B) as a means of indirect entry into appellate review." *Am. Express Bank, FSB v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶14. In summary, "a Civ.R. 60(B) motion may not be based on arguments that could have been raised on direct appeal." *Wells Fargo Bank, N.A. v. Smith*, 10th Dist. Franklin No. 09AP-559, 2009-Ohio-6576, ¶11 (citation omitted).

**{¶19}** In this case, the trial court's October 12, 2012 judgment, which granted appellee's motion for summary judgment, was an appealable order. Indeed, the judgment included language stating that the judgment was a final, appealable order and that "[t]here is no just reason for delay." If appellants wanted to challenge appellee's right to enforce the note and mortgage, they needed to have appealed from the October 12, 2012 judgment. In short, appellants cannot use Civ.R. 60(B) as a means of indirectly appealing what they should have directly appealed. *Deutsche Bank Natl. Trust Co. v. Richardson*, 2d Dist. Darke Nos. 2010-CA-3 & 2010-CA-13, 2011-Ohio-1123, ¶32; *see also UBS Real Estate Secs., Inc. v. Teague*, 191 Ohio App.3d 189 (2d Dist.2010); *GMAC Mtge., LLC v. Herring*, 189 Ohio App.3d 200, ¶35 (2d Dist.2010).

**{¶20}** Appellants' brief does not set forth any assignments of error regarding the denial of the second Civ.R. 60(B) motion, filed October 17, 2012. Nevertheless, appellants' second Civ.R. 60(B) motion is without merit, as it failed to comply with the three-prong test set forth by the Ohio Supreme Court in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). First, where the grounds of relief are Civ.R. 60(B)(1)-(3), the motion must be timely, i.e., not more than one year after the

7

judgment or order was entered; otherwise, the motion must be made within a reasonable amount of time. Second, the party must be entitled to relief under Civ.R. 60(B)(1)-(5). Finally, the party must have a meritorious defense or claim to raise if relief is granted. *Id.* at paragraph two of the syllabus. A party must satisfy each of the three prongs to be entitled to relief. *KMV V Ltd. v. Debolt*, 11th Dist. Portage No. 2010-P-0032, 2011-Ohio-525, ¶24. If one prong is not satisfied, the entire motion must be overruled. *Id.*, quoting *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶21} Appellants' Civ.R. 60(B) motion was properly overruled by the trial court, as appellants cannot meet any of the three required prongs. First, appellants' motion was not timely. The trial court's grant of summary judgment in favor of appellee was entered on October 12, 2012. Appellants' Civ.R. 60(B) motion was not filed until October 17, 2013, more than one year after the trial court's decision. Accordingly, the motion was not timely filed.

{¶22} Next, appellants are unable to show how they are entitled to relief under Civ.R. 60(B)(1)-(5). In their second Civ.R. 60(B) motion, appellants argue they would have to pay the same judgment twice and that appellee falsely and fraudulently stated it had ownership to appellants' note. They also argue their motion should be granted under Civ.R. 60(B)(5), for "another reason justifying relief from judgment." Any fraud would entitle appellants to relief under Civ.R. 60(B)(3); however, a review of the record does not suggest the commission of any fraud. Furthermore, their motion again argues that summary judgment was not proper, an issue that should have been raised in a direct appeal.

8

{¶23} Finally, appellants have no meritorious defense or claim to raise if relief is granted. Appellants argue that appellee was never in a position to enforce the mortgage or note. However, appellee attached to its motion for summary judgment motion the recorded assignment of mortgage that assigned appellants' mortgage to appellee. As such, appellee presented sufficient evidence to establish standing. There was no evidentiary material presented to the contrary. Therefore, appellants have not presented any meritorious defense or claim.

{¶24} For these reasons, the judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.