[Cite as *BAC Home Loans Servicing, L.P. v. Hodous*, 2015-Ohio-5458.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP, | : | **O P I N I O N** |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2014-A-0071** |
| | : | |
| - vs - | : | |
| | : | |
| RONALD J. HODOUS aka RONALD HODOUS, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 111.

Judgment: Affirmed.

*Jeffrey R. Helms, Christopher J. Mantica, Kathryn Maria Divita, Jennifer E. Powers, and Adam R. Fogelman,* Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Jonathan P. Blakely,* P.O. Box 217, Middlefield, OH 44062 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Ronald Hodous, appeals the judgment of the Ashtabula County Court of Common Pleas denying his motion to vacate the court's order confirming the sale of real estate that was the subject of the court's foreclosure decree in favor of appellee, BAC Home Loans Servicing fka Countrywide Home Loans Servicing, LP

(BAC) and against appellant. At issue is whether the court abused its discretion in denying appellant's motion to vacate. For the reasons that follow, we affirm.

{¶2} On April 24, 2003, appellant obtained a mortgage loan from America's Wholesale Lender (AWL) to purchase a parcel of property in the amount of $180,500. In exchange, appellant executed a promissory note for that amount in favor of AWL. AWL was a dba for Countrywide Home Loans Servicing, LP. Countrywide subsequently changed its name to BAC.

{¶3} In order to secure the debt, on the same date, April 24, 2003, appellant executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for AWL. On April 9, 2009, MERS assigned the mortgage to Countrywide.

{¶4} On October 1, 2010, appellant defaulted on the note and mortgage. After appellant failed to cure his default, BAC declared the entire amount owed under the note and mortgage due in the amount of $175,404, plus interest.

{¶5} On February 2, 2011, BAC filed a complaint in foreclosure against appellant. BAC alleged that it was the holder of the note and the assignee of the mortgage; that appellant defaulted under the note and mortgage; that BAC had declared the entire amount of the debt due; and that BAC was entitled to judgment on the note in the amount of $175,404, plus interest, and to foreclosure of the mortgage. BAC attached copies of the note, mortgage, and mortgage assignment to the complaint.

{¶6} On March 7, 2011, appellant, acting pro se, filed an answer, stating he was "working on reinstating mortgage loan." However, *he did not deny any of the*

2

*allegations of the complaint.* As a result, the allegations of the complaint were deemed admitted. Civ.R. 8(D).

**{¶7}** The case was referred to the court's mediation program; however, the parties did not reach a resolution of the matter.

**{¶8}** Consequently, on April 18, 2013, BAC filed a motion for summary judgment supported by an affidavit of its representative and other evidentiary materials. BAC presented evidence that before the complaint was filed, it was the holder of the note and the assignee of the mortgage. BAC also presented evidence that appellant was in default; that the debt had been accelerated; and the amount appellant owed. Further, BAC authenticated the note, mortgage, and assignment of the mortgage. *Appellant did not file a brief in opposition to summary judgment.*

**{¶9}** On September 30, 2013, the trial court entered its judgment and foreclosure decree in favor of BAC. *Appellant did not appeal the court's judgment.*

**{¶10}** On February 10, 2014, the sheriff's sale of the property was held, and the property was sold to BAC for $165,000.

**{¶11}** On March 5, 2014, BAC, as the successful bidder at the sheriff's sale, assigned its bid for the real estate to Federal National Mortgage Association (Fannie Mae). The assignment of the bid was filed with the court on that date.

**{¶12}** On March 6, 2014, BAC filed a motion to confirm the sale. *Appellant did not file a brief in opposition.*

**{¶13}** On March 14, 2014, the court entered judgment confirming the sale; ordering the sheriff to deliver a deed for the property to Fannie Mae; and ordering the distribution of the sale proceeds. Accordingly, Fannie Mae has owned the property

since March 14, 2014.  *Appellant did not appeal the court's judgment confirming the sale.*

**{¶14}** On April 11, 2014, BAC filed a praecipe requesting the clerk of courts to issue a writ of possession to appellant.  The clerk issued the writ, instructing appellant to vacate the property.

**{¶15}** Upon receiving the writ, appellant retained counsel.  On April 30, 2014, appellant filed a motion to stay the writ of possession.  In support, he alleged that he had retained a third-party entity named "Home Protection Services" (HPS) to negotiate a loan modification with BAC on his behalf and that he needed more time to attempt further negotiations with BAC/Fannie Mae.  In the alternative, appellant said that if such negotiations were unsuccessful, he needed a stay to give him more time to move.  On May 5, 2014, the court granted appellant's motion for stay.

**{¶16}** On August 4, 2014, the court's magistrate conducted a status conference.  BAC stated that it was never contacted by a third party on behalf of appellant and that the parties had not resolved the case.  As a result, on August 6, 2014, the magistrate entered an order finding that appellant was unable to negotiate a resolution of the case; removing the previously-imposed stay of the writ of possession; and directing the clerk to issue a writ of possession in favor of Fannie Mae, the owner of the property.

**{¶17}** On September 3, 2014, BAC filed a second praecipe requesting the clerk of courts to issue a writ of possession to appellant.  The clerk issued the writ, instructing appellant to vacate the property by October 16, 2014.

**{¶18}** On October 9, 2014, appellant filed a Civ.R. 60(B) motion to vacate the court's March 14, 2014 judgment confirming the sale to Fannie Mae.

4

**{¶19}** In his motion to vacate the judgment, appellant conceded he stopped making payments on his mortgage and defaulted on his mortgage loan. He said that sometime in 2013, he received a notice from HPS, which advised him that it would work with BAC to help him "re-do his mortgage loan." Appellant said that HPS told him that BAC required a reinstatement fee of $5,398, and he sent that amount to HPS to be forwarded to BAC. He said that, afterward, HPS told him his mortgage loan was modified. However, when he learned the property had sold and he received a notice to vacate in April 2014, he retained an attorney. He said he also contacted BAC at that time and learned that HPS had never contacted BAC or paid it any money. Appellant said that because BAC had sold the property, he tried to negotiate a refinance with Fannie Mae, the new owner of the property, but Fannie Mae rejected his proposal. However, he argued that because BAC allegedly told him "it would work with him" before Fannie Mae rejected his proposal, he was entitled to vacate the court's judgment confirming the sale to Fannie Mae.

**{¶20}** On October 16, 2014, the trial court entered judgment denying appellant's motion for relief from judgment. The court found it was "extremely unlikely" that appellant could present a meritorious defense because, although the case had been mediated through the court's mediation program and appellant had ample time to negotiate a resolution with Fannie Mae, which has owned the property since March 14, 2014, appellant admitted in his motion that Fannie Mae is not willing to work with him. Further, the court found that appellant's motion was not filed within a reasonable time.

**{¶21}** Appellant appeals that judgment, asserting the following for his sole assignment of error:

5

{¶22} "The trial court erred and abused its discretion in overruling Defendant-Appellant's motion for relief from judgment which had confirmed a sheriff's sale of his home."

{¶23} We note that on November 17, 2014, BAC filed a third praecipe in the trial court requesting the clerk to issue a writ of possession to appellant. The clerk issued the writ, instructing appellant to vacate the property by December 4, 2014.

{¶24} Appellant filed in this court a motion to stay the third writ of possession pending this appeal. On December 3, 2014, this court denied the motion.

{¶25} Before addressing appellant's substantive arguments, we note that BAC raises certain procedural arguments, three of which have merit and are dispositive of this appeal.

{¶26} First, BAC argues that appellant improperly used his motion to vacate the court's March 14, 2014 judgment confirming the sheriff's sale as a substitute for a timely appeal of the foreclosure decree. In support, BAC argues that none of the arguments made by appellant in his motion to vacate challenged the confirmation of the sheriff's sale. Rather, his arguments challenged the foreclosure decree, which the court entered on September 30, 2013. As noted above, appellant did not appeal the foreclosure decree.

{¶27} It is well settled that a motion to vacate a judgment "'may not be used as a substitute for a timely appeal or to accommodate a party by extending the normal period for appeal.'" *HSBC Bank USA, N.A. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶16, quoting *Steadley v. Montanya*, 67 Ohio St.2d 297, 299 (1981). Further, a motion to vacate a judgment cannot be based on arguments that could have

been raised on direct appeal. *JP Morgan Chase Bank, N.A. v. Rhodes*, 11th Dist. Lake No. 2013-L-117, 2014-Ohio-2706, ¶18.

**{¶28}** Because appellant's motion to vacate did not raise any issues with the confirmation of sale, but, rather, challenged the foreclosure decree itself, appellant improperly used his motion to vacate as a substitute for a timely appeal of the foreclosure decree.

**{¶29}** Second, BAC argues this court lacks jurisdiction to address appellant's challenges to the underlying foreclosure decree. It is well settled that a trial court's foreclosure decree is a final appealable order. *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, ¶6. Thus, the court's foreclosure decree, filed on September 30, 2013, was a final appealable order. Pursuant to App.R. 5, appellant had 30 days in which to file an appeal of the decree. However, appellant did not appeal it. As noted above, none of the arguments in appellant's motion to vacate challenged the conduct of the sheriff's sale; rather, they challenged the foreclosure decree itself. Because appellant did not appeal the foreclosure decree, his arguments are not properly before us at this time.

**{¶30}** Third, as noted above, appellant did not appeal the April 14, 2014 confirmation order. Instead, he also used his motion to vacate the confirmation order as a substitute for a timely appeal of that order. For that additional reason, his motion to vacate lacked merit.

**{¶31}** However, even if Civ.R. 60(B) could be used as a substitute for an appeal, appellant's motion to vacate would still lack merit. An appellate court's review of a judgment confirming a foreclosure sale is limited to determining whether the sale was

7

conducted in accordance with the law as set forth in R.C. 2329.01 through R.C. 2329.61. *Bank One Dayton, N.A. v. Ellington*, 105 Ohio App.3d 13, 16 (2d Dist.1995).

**{¶32}** At the outset, we note that an order denying a motion for relief from judgment is reviewed by this court for an abuse of discretion. *Len-Ran, Inc. v. Erie Ins. Group*, 11th Dist. Portage No. 2006-P-0025, 2007-Ohio-4763, ¶15. The term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

**{¶33}** Further, the Supreme Court of Ohio in *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶40, stated:

> **{¶34}** The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

**{¶35}** Appellant argues he had a defense because a loan modification is a meritorious defense. However, since appellant's motion sought to vacate only the court's March 14, 2014 judgment confirming the sale, he was required to assert a defense in his motion to vacate based on the conduct of the sale itself. Appellant admits on appeal that by his motion to vacate he was attempting to "indicate some kind of irregularity in the foreclosure proceeding." Because the existence of a modification is

8

irrelevant to whether the proper procedures were followed by the sheriff in conducting the sale, the existence of a modification was not available to appellant as a defense.

{¶36} Here, appellant did not challenge the conduct of the sheriff's sale in his motion to vacate. Consequently, there is nothing for us to consider.

{¶37} Significantly, while BAC raised these issues in its brief, appellant does not dispute or even address them. Having determined that appellant's appeal is procedurally flawed, appellant's assignment of error lacks merit.

{¶38} For the reasons stated in this opinion, appellant's assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

9