[Cite as *Pflanz v. Sinclair*, 2018-Ohio-734.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LEONARD F. PFLANZ, | : | APPEAL NO. C-170172 |
| | | TRIAL NO. A-1601386 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KENNETH A. SINCLAIR, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 2, 2018

*Timothy P. Nolan*, for Plaintiff-Appellant,

*Robbins, Kelly, Patterson & Tucker*, *Robert M. Ernst* and *Daniel J. Temming*, for Defendant-Appellee.

**CUNNINGHAM, Judge.**

{¶1} Leonard F. Pflanz appeals from the trial court's entry of summary judgment for Kenneth A. Sinclair in Pflanz's action for injunctive relief, declaratory judgment, and damages related to an easement of ingress and egress that Pflanz claimed over Sinclair's real property. Because collateral estoppel bars Pflanz from relitigating the issue of the easement after it was decided against him in a foreclosure action, and Sinclair is entitled to judgment as a matter of law, we affirm.

### Background Facts

{¶2} Pflanz owns real estate that abuts real estate owned by Sinclair ("the Sinclair Property" or "the property") in the Northside area of Cincinnati. Sinclair purchased the property at a foreclosure sale in December 2011 "free and clear" of any easement claimed by Pflanz, who, along with his wife, had been made parties to the foreclosure action. Before the issuance of the order of foreclosure and sale, the Pflanzes had unsuccessfully challenged the mortgagee Bank of Kentucky's ("Bank") summary-judgment motion requesting that the property be sold to any purchaser free of any easement claimed by the Pflanzes in part because the Bank was a bona fide mortgagee.

{¶3} The magistrate's decision on summary judgment provided that

Judgment is hereby rendered in favor of Plaintiff The Bank of Kentucky, Inc. and against Defendant Davis Family Properties, LLC, and Amanda Davis, jointly and severally on the Note * * *. Defendants Leonard F. Pflanz and Della M. Pflanz possess no easement of any kind in or over the Property, and the purchaser at any sale shall take same free and clear of any such claimed easement. If this decision is

2

adopted by the trial court, Plaintiff shall be permitted to file its praecipe for sale and proceed consistent with the laws of this state.

{¶4} The Pflanzes objected to the magistrate's finding that the Bank had gained the status of bona fide mortgagee. On October 12, 2011, the foreclosure court overruled the Pflanzes' objection and adopted the magistrate's decision granting summary judgment to the Bank. The Pflanzes filed a notice of appeal from this decision but later dismissed the appeal.

{¶5} On October 28, 2011, consistent with its adoption of the magistrate's decision, the foreclosure court journalized the order of foreclosure that also ordered the sale of the property. In relevant part, this order stated

> IT IS THEREFORE ORDERED, AJUDGED AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption, dower and any lease interest of all Defendants, in and to said premises, shall be forever barred and foreclosed, and said premises sold; **free and clear of the interests of all parties herein**[;] * * *.

(Emphasis added.) The order did not except the Pflanzes' claimed easement from this mandate.

{¶6} After Sinclair purchased the property, the foreclosure court journalized an entry confirming the sale. That January 27, 2012 order indicated, consistent with the order of foreclosure, that Sinclair had purchased the property free of any easement claimed by the Pflanzes. The Pflanzes moved for partial relief from the order under Civ.R. 60(A) due to an "an apparent oversight." They asserted in part that their claimed interest in the property remained unresolved because the

Bank did not purchase the property. Sinclair, who was not a party, was not served with the motion. Ultimately, the foreclosure court amended the confirmation order two times, and both amendments reflected the changes requested by the Pflanzes in their Civ.R. 60(A) motion.

{¶7}   After the foreclosure court issued the first amended order, the Pflanzes withdrew their Civ.R. 60(A) motion and dismissed an appeal they had taken from the decision issued by the foreclosure court in the first phase of the foreclosure action granting summary judgment for the Bank.

## This Action

{¶8}   In March 2016, Pflanz filed this lawsuit against Sinclair, asserting that he had an express easement, an implied easement by prescription, or an implied easement by necessity over Sinclair's property, and that Sinclair was blocking his access over it. Pflanz later abandoned the implied-easement claims, and they are not the subject of this appeal.[1]

{¶9}   Sinclair moved for summary judgment, arguing that the doctrine of collateral estoppel prevented Pflanz from asserting the claimed easement in this case. Specifically, he argued issue preclusion applied because the order of foreclosure provided that the property he purchased was to be sold "free and clear of the interests of all parties to th[e] action," including Pflanz's interest asserted in this case. Further, he took the position that the court presiding over the foreclosure action lacked authority to retroactively affect the rights and interests set forth in the foreclosure order during the sale confirmation process. To hold otherwise, Sinclair contended, would "seriously jeopardize the Court's ability to sell property free and

---

[1] Pflanz additionally named as a defendant the city of Cincinnati, but the city successfully moved for dismissal.

4

clear of the parties' interests." Sinclair's motion was supported by the relevant documents, including those from the foreclosure action.

{¶10} In opposing summary judgment, Pflanz argued that the foreclosure court's second amended entry confirming the sale and stating the issue of his claimed easement was "unresolved" was the last and final statement on the issue of the easement in the foreclosure litigation and that Sinclair was bound by it under the doctrine of lis pendens. He characterized Sinclair's argument as an improper collateral attack on that confirmation order. Pflanz also presented an affidavit of a real estate lawyer, Robert Hines, who opined that a buyer of the Sinclair Property should have had constructive notice of the claimed easement. The trial court ultimately granted summary judgment for Sinclair on all pending claims, indicating that "there is no easement across the property."

## Analysis

{¶11} In one assignment of error, Pflanz claims the trial court erred by granting summary judgment for Sinclair. Pflanz argues that collateral estoppel does not apply in this case, and that genuine issues of material fact remain in dispute with respect to the existence of the easement and whether it was enforceable against Sinclair as purchaser of the property.

{¶12} We review the grant of summary judgment de novo, applying the standards set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Because we conclude that collateral estoppel did apply, and Pflanz was bound by the determination that he has no easement across Sinclair's property, we affirm the trial court's judgment.

{¶13} The doctrine of collateral estoppel, or issue preclusion, "preclu[des] [] the relitigation in a second action of an issue * * * that ha[s] been actually and

necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983). Generally, this court has applied collateral estoppel when "(1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was admitted or actually tried and decided and was necessary to the final judgment; and (4) the issue was identical to the issue involved in the new action." *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 14 (1st Dist.), citing *Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App.3d 179, 180, 486 N.E.2d 1165 (1st Dist.1984); *Keck v. Masters*, 1st Dist. Hamilton No. C-940967, 1996 WL 741975, *2 (Dec. 31, 1996). Here, Sinclair is seeking to use collateral estoppel defensively.

{¶14} Pflanz concedes his easement of ingress and egress over the property was litigated in the foreclosure action. He claims, however, that the foreclosure action did not determine the easement with respect to Sinclair, a third-party purchaser, as demonstrated by the amended order confirming the sale, which provides that "because the Plaintiff [Bank] did not acquire the property at the Sheriff's sale, the enforceability of the easement claimed by Party Defendants Leonard F. Pflanz and Della M. Pflanz remains undecided."

{¶15} Pflanz contends it was within the foreclosure court's discretion under Civ.R. 60 to amend the original confirmation order to reflect that the summary judgment for the Bank in the first phase of the foreclosure action was not intended to apply to third-party purchasers. He maintains that Sinclair's collateral-estoppel argument amounts to an impermissible collateral attack on the amended

confirmation order, which Pflanz characterizes as the "final" order governing the easement issue. For the reasons that follow, we disagree with Pflanz.

{¶16} A foreclosure action is unique in that it involves two distinct phases that give rise to separate appealable judgments—the order of foreclosure and the order confirming the sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. The foreclosure order, which determines the property interests of the parties before the bank's foreclosure sale, cannot be indirectly attacked in the ancillary proceedings confirming the sale. *See id.* at ¶ 39-40; *Fed. Natl. Mtge. Assn. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, 815 N.E.2d 730, ¶ 15 (2d Dist.) (holding that "the proper time to challenge the existence and extent of a mortgage lien is during the foreclosure action." The foreclosure order is subject to appeal or a Civ.R. 60(B) motion, but it cannot be collaterally attacked by objecting to the confirmation order.). In other words, a confirmation order cannot revive a claimed interest that did not survive the foreclosure.

{¶17} Although foreclosure actions typically involve only lienholders, the Bank foreclosing on the Sinclair Property named the Pflanzes as defendants because it wanted to purchase or convey the property at the foreclosure sale free of any interest owned by the Pflanzes. The foreclosure court determined that the Bank could do so notwithstanding the Pflanzes' challenge, and on October 28, 2011, ordered the sale of the property free of any interest of the Pflanzes. That final judgment was not set aside or reversed on appeal, and we cannot revisit the merits of it now.

{¶18} Moreover, the foreclosure court's initial confirmation order of January 27, 2012, was a final judgment and mirrored the foreclosure order with respect to the interests extinguished. That confirmation order was later amended by

the trial court to revive the Pflanzes' interest in the property with respect to a third-party purchaser, namely Sinclair.

{¶19}   Civ.R. 60(A) provides the trial court with authority to correct clerical mistakes in its judgment at any time, but that rule could not authorize the foreclosure court to substantively modify a previously issued final judgment. *See Nemcic v. Phelps*, 2014-Ohio-3952, 19 N.E.3d 554, ¶ 17 (2d Dist.).   Civ.R. 60(B) allows the court to make a substantive modification to a final judgment, but the requirements of that rule were not met to authorize the challenged amendment. Thus, the foreclosure court's substantive modification of the January 27, 2012 confirmation order undertaken without jurisdiction was a nullity.  An order issued without jurisdiction is subject to a collateral attack.  *See Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23.   Because of this, Sinclair could collaterally attack the amended confirmation order in this case.

{¶20}   In sum, all of the elements of collateral estoppel have been met. Pflanz's claimed easement over the Sinclair Property was actually and finally litigated against Pflanz in the foreclosure action involving the property, and the resolution of this issue was essential to the judgment that set forth the property interests that would survive the foreclosure and sale.  Pflanz had a fair opportunity to litigate the easement, and the foreclosure order was clear and unambiguous.  This clarity is reflected in the sheriff's deed, issued on February 27, 2012, and recorded two months later, conveying to Sinclair "all the right, title, and interest of * * * Leonard F. Pf[l]anz and Della M. Pf[l]anz."  Pflanz never moved to set aside the judicial sale to Sinclair, and the sale was in fact confirmed.

**{¶21}** And there is a sound policy reason to apply issue preclusion here. Observing the finality of the foreclosure order increases the security of land transactions. Under these facts, there is no good reason to allow Pflanz to relitigate this issue.

## Conclusion

**{¶22}** The issue of Pflanz's claimed easement in the Sinclair Property was actually litigated and resolved against Pflanz in the foreclosure action involving the property. His cause of action in this case against Sinclair involves the same easement and is barred by collateral estoppel. Accordingly, we overrule Pflanz's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J,** and **MILLER, J.,** concur.

Please note:
        The court has recorded its own entry this date.