[Cite as *Wells Fargo Bank, Natl. Assn. v. Riddle*, 2020-Ohio-3796.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Securitized Asset backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3, | : : : : | APPEAL NO. C-180386 TRIAL NO. A-1004308 *O P I N I O N.* |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| DIONNE Y. RIDDLE, | : | |
| and | : | |
| RODNEY RIDDLE, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 22, 2020

*Carpenter Lipps & Leland LLP, David A. Wallace* and *Karen M. Cadieux*, for Plaintiff-Appellee,

*Dionne Y. Riddle* and *Rodney T. Riddle,* pro se.

**CROUSE, Judge.**

{¶1}    Defendants-appellants Dionne and Rodney Riddle appeal from the trial court's judgment confirming the sheriff's sale of the Riddles' property. For the reasons set forth below, we affirm the judgment of the trial court.

### *Facts and Procedure*

{¶2}    On February 15, 2005, Dionne and Rodney Riddle executed a mortgage note in the amount of $208,800. On May 4, 2010, plaintiff-appellee Wells Fargo Bank, N.A., ("the bank") brought a foreclosure action against the Riddles. The bank alleged that the Riddles failed to pay on the note and owed $199,857.90 plus interest. The bank sought to have the mortgage foreclosed and the Riddles' property sold to satisfy the unpaid balance.

{¶3}    On September 22, 2010, the magistrate granted summary judgment in favor of the bank. The magistrate found that the Riddles owed $199,857.90 plus interest on the note, and that the note was secured by a valid mortgage on the Riddles' property. The magistrate ordered that the mortgage be foreclosed and that the property be sold to satisfy the judgment. On December 14, 2010, the trial court confirmed the magistrate's decision over objection and issued a decree of foreclosure. The Riddles never appealed the foreclosure decree. Instead, the Riddles unsuccessfully moved to set aside the foreclosure decree in 2011, 2012, 2014, 2015, and 2016.

{¶4}    Over the course of litigation, the trial court scheduled a sheriff's sale of the Riddles' property nine times. On May 27, 2016, the bank filed a final "Notice of Sale" for a sheriff's sale to be held on June 30, 2016. At the June 30 sale, the bank purchased the Riddles' property. The trial court confirmed the sale on June 26, 2018. The Riddles subsequently filed this timely appeal, raising four assignments of error.

2

### Law and Analysis

{¶5}    In the first assignment of error, the Riddles argue that the trial court erred in failing to hold a hearing prior to the confirmation of the sheriff's sale.

{¶6}    Upon the return of an order for judicial sale, the trial court will review the proceedings and confirm the sale.  Whether a hearing should be granted prior to the confirmation of the sale lies within the sound discretion of the trial court.  *Shumay v. Lake Chateau, Inc.*, 70 Ohio St.2d 20, 434 N.E.2d 277 (1982).  If the mortgagor fails to request a hearing prior to confirmation, the trial court is not required to sua sponte order such a hearing.  *Id.* at 21.

{¶7}    An order for sale of the Riddles' property was returned on June 30, 2016.  Although the Riddles tried to appeal from the entry journalizing the sale of the property, they never requested an oral hearing before the trial court at any point prior to the confirmation of the sale.  Because the Riddles did not request a hearing, and the trial court was not required to order such a hearing, the court did not err when it confirmed the judicial sale.  The Riddles' first assignment of error is overruled.

{¶8}    In the remaining three assignments of error, the Riddles argue that the trial court erred by confirming the sheriff's sale without first hearing their challenges to the underlying foreclosure decree.

{¶9}    As set forth in *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40:

> The confirmation process is an ancillary one in which the issues present[ed] are limited to whether the sale proceedings conformed to law.  Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation.  * * *  The issues

appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure.

{¶10} An appeal of the order confirming a judicial sale is limited to determining whether the sale was conducted in accordance with R.C. Chapter 2329. *See Ohio Farm Bur. Fedn., Inc. v. Amos*, 5th Dist. Ashland No. 07-COA-006, 2008-Ohio-459, ¶ 22; *BAC Home Loans Servicing, L.P. v. Hodous*, 11th Dist. Ashtabula No. 2014-A-0071, 2015-Ohio-5458, ¶ 31. *See also Bank One Dayton, N.A. v. Ellington*, 105 Ohio App.3d 13, 16, 663 N.E.2d 660 (2d Dist.1995). R.C. Chapter 2329 governs the procedural requirements in the sale process—e.g., adequacy of the appraisal, proper notice, effect of title, etc. Therefore, the foreclosure decree is no longer at issue and the mortgagors are barred from litigating the decree's validity. *Pflanz v. Sinclair,* 1st Dist. Hamilton No. C-170172, 2018-Ohio-734, ¶ 16 ("The foreclosure order, which determines the property interests of the parties before the bank's foreclosure sale, cannot be indirectly attacked in the ancillary proceedings confirming the sale.").

{¶11} On appeal, the Riddles failed to allege any procedural errors within the sheriff's sale or the confirmation order. And a review of the record shows that any such arguments would be meritless—three disinterested freeholders appraised the property; the Cincinnati Court Index advertised the sale for four weeks; and the notice of sale, filed 30 days prior to the sale, was not deficient in its form or contents. The Riddles instead contend that the trial court failed to hold a pre-confirmation hearing in order to consider their pending motions to set aside the foreclosure decree. However, the time to raise potential defects with the foreclosure decree was during the foreclosure action, before the sale. Therefore, the trial court lacked jurisdiction to address the merits of the pending motions during the proceedings confirming the sale. Because the Riddles failed

to demonstrate any error pertaining to the sale itself, their remaining assignments of error are overruled.

### *Summary*

{¶12}   Having found assignments of error one through four to be without merit, we affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.